No. 36,686

W. L. Kendall, *Petitioner*, v. R. H. Hudspeth, Warden of the Kansas State Penitentiary, *Respondent*.

(176 P. 2d 254)

Opinion filed January 25, 1947.

*Harold M. Slater,* of Topeka, was on the briefs for the petitioner.

*A. B. Mitchell,* attorney general, and *Leon W. Lundblade,* assistant attorney general, were on the briefs for the respondent.

The opinion of the court was delivered by

Hoch, J.: This is an original proceeding in habeas corpus. The petitioner, W. L. Kendall, seeks release from the state penitentiary where he is serving a sentence of from one to twenty-one years for the crime of rape as defined in G. S. 1935, 21-424. Upon proper showing that the petitioner was without funds, he was permitted to file his petition without a deposit for costs, and Mr. Harold M. Slater, a reputable attorney at law and a member of the Shawnee county bar, was appointed by the court to represent him. After investigation and one or more personal interviews with the petitioner, Mr. Slater filed a brief in his behalf and on the date set for hearing, the case was submitted upon briefs for petitioner and the state.

Some of the contentions made by petitioner relate to issues of fact or alleged trial errors which cannot be considered in this pro-

ceeding. A habeas corpus proceeding is not a substitute for appellate review. (*Kneisley v. Hudspeth,* 161 Kan. 772, 173 P. 2d 247, and cases cited on page 774; *Powers v. Hudspeth,* 161 Kan. 777, 778, 173 P. 2d 251.)

The two principal contentions subject to consideration here are that the police officers at Garden City, Kan., where petitioner was arrested, used third degree methods upon him in order to secure a confession, and that in the trial in the district court the county attorney forced him to plead guilty under the threat of life imprisonment under the habitual criminal act if he did not do so, and told him that if he would plead guilty his maximum sentence would be seven years.

No purpose would be served by relating the facts and circumstances connected with the offense. In the information it is charged that the minor against whom the crime was committed was twelve years of age.

Upon verified information signed by the county attorney, Mr. W. C. Pearce, the defendant was duly arraigned in the district court of Finney county on October 27, 1943, and was represented then and during the trial by Mr. A. M. Fleming, an attorney in good standing and a member of the Finney county bar. A plea of guilty to the crime as charged was entered and accepted by the court, and upon inquiry from the court, the defendant stated that he had no legal cause to show why judgment and sentence should not be pronounced against him according to law. Sentence of not less than one year nor more than twenty-one years in the penitentiary was then imposed in conformity with the statute.

The contentions of the petitioner that the confession which he made to the police officers was brought about by threats and coercion and that the county attorney told him that if he pleaded guilty the maximum sentence would be seven years, and that unless he pleaded guilty he would be given a life sentence under the habitual criminal act are entirely unsupported. Wholly uncorroborated allegations of a petitioner for release in habeas corpus are insufficient to justify the granting of the writ. (*Kneisley v. Hudspeth,* supra; *Powers v. Hudspeth,* supra; *Hill v. Hudspeth,* 161 Kan. 376, 379, 168 P. 2d 922.

In an affidavit submitted in this proceeding, Mr. Lee Richardson, who was then and is now chief of police of the city of Garden City, recites the circumstances connected with the arrest of the defendant and with the defendant's signed confession, and specifically denies

that "any threats, force, beatings, promises, or any third degree methods whatsoever" were used. In connection with his affidavit, Mr. Richardson submitted a letter received from the petitioner in July, 1945. In this letter, the petitioner does not deny commission of the offense, but sets forth alleged facts and circumstances with reference to the reputation of the minor against whom the offense was committed, and other facts which, even if true, do not affect the regularity of the trial and conviction. He asserts that he was not familiar with the statute and would not have pleaded guilty had he known what the sentence would be. In this letter he states:

"Now I know that I should serve as much as 2 or 3 years but 21 years is too much penalty for what little I have done, and I do believe that you and the people who really know the circumstances, can see the predicament I am up against and will come to my aid."

In an affidavit submitted herein, Mr. W. C. Pearce, the prosecuting attorney in the case, specifically and positively denies the allegations made by petitioner, states that during the pendency of the action he did not talk with the defendant for more than ten minutes, that he did not threaten or coerce him in any way, and that he did not make any promises to him in connection with his plea of guilty. Mr. Pearce further states that at the time of the commission of the offense, the minor was of defective mentality and that she is now confined in the state hospital for mental defectives at Winfield, Kan.

Mr. R. P. Beckett, the then sheriff of Finney county, states in an affidavit filed herein:

". . . that he became acquainted with one W. L. Kendall by virtue of his being arrested by the police officers of the city of Garden City, Kansas, on or about October 2nd, 1943; that he was later placed in his custody as Sheriff, and that during such time no threats, promises, beatings, force, or third degree methods of any kind were exercised against W. L. Kendall to cause him to plead guilty, or for any other reason."

In connection with his petition, the petitioner submits a copy of a letter which he says he received from the Honorable Fred J. Evans, the presiding judge who pronounced sentence in the case, and in this letter Judge Evans advises him that he has written to the parole and pardon attorney "concerning your case and set forth some facts which should be justly considered on the matter of a reduction in your term by executive order. I am sure that Mr. Dawson will bring my letters and the information furnished to the

attention of the proper authorities, and I hope it may result in some measure of benefit to you."

Petitioner also submits excerpts from a letter which he received at the penitentiary from Mrs. Ross Bethel, of Garden City, Kan., who he says was the guardian of the minor, in which Mrs. Bethel recites certain facts and circumstances connected with the case, suggests that there were others equally or more to blame, and commends the petitioner for his alleged effort, assisted by the girl's mother, to marry the girl. Such alleged facts may be matters for consideration in connection with application for executive clemency, but are not for review here.

In the copy of the signed confession, submitted herein, it appears that the petitioner admitted that he had committed previous criminal offenses, but the confession was not introduced in evidence and defendant was not sentenced under the habitual criminal act.

We find no grounds for granting the writ, and it is hereby denied.