No. 37,353

JOSEPH ERNEST DIONNE, *Petitioner*, v. R. H. HUDSPETH, Warden of the Kansas State Penitentiary, *Respondent*.

(199 P. 2d 176)

Opinion filed November 13, 1948.

*Charles W. Lowder,* of Kansas City, argued the cause for the petitioner.

*Harold R. Fatzer,* assistant attorney general, argued the cause, and *Edward F. Arn,* attorney general, was with him on the briefs for the respondent.

The opinion of the court was delivered by

COWAN, J.: The defendant, on the 10th day of May, 1943, entered a plea of guilty in Finney county to information charging him on the first count with first-degree robbery, and on the second count with assault, with felonious intent, made on April 23, 1943, on Mrs. Estella Stewart. The information charged that the defendant, in the course of such robbery, took from the victim two rings. At the time of the commission of the crimes charged and at the time of sentence, the petitioner was an escaped convict from the Colorado state penitentiary.

Upon the defendant being brought into court on the morning of May 10, 1943, the court ascertained that the defendant had no counsel and appointed Ray H. Calihan, a member of the bar of Finney county, to represent the defendant. The case was then continued until three o'clock to permit the prisoner's counsel to consult with the prisoner. At three o'clock the prisoner entered pleas of guilty as herein set forth. Upon acceptance of the pleas, the court sentenced the prisoner on each count to confinement in the Kansas state penitentiary until discharged by law, the sentences to run consecutively and not concurrently.

Petitioner's first contention is that he should have been proceeded against by grand jury indictment rather than by information. This is without merit. (*Bailey v. Hudspeth,* 164 Kan. 600, 191 P. 2d 894.)

The petitioner further contends that he was held incommunicado in jail and was not permitted to call an attorney. There is no evidence to support this other than the petitioner's own statement which is insufficient foundation for the granting of the writ. (*Long v. Hudspeth,* 164 Kan. 720, 192 P. 2d 169.) The petitioner was asked by the attorney who represented him in this court to supply the names of witnesses who would support his uncorroborated statements and the petitioner was unable to furnish the name of anyone.

Another claim of the petitioner is that he did not have an attorney to represent him at his preliminary or when he was arraigned in the district court. He was not entitled to an attorney to represent him at the preliminary hearing. (*State v. McCombs,* 164 Kan. 334, 188 P. 2d 922.) The record shows that he was represented by an attorney before he entered his pleas. Hence, this contention is without merit.

The prisoner contends that he was twice placed in jeopardy because he received two sentences for the same crime or acts on the same person and that his sentences were postdated. It has been repeatedly held by this and other courts that the same acts may constitute a violation of two separate statutes and such fact does not amount to placing the defendant in jeopardy twice. The sentences were not postdated.

The petitioner makes a general allegation that he is being held on illegal commitment papers but does not specify in what respect the commitment papers are illegal. This is a mere conclusion of law and must be disregarded because the claim of the petitioner makes no statement of fact supporting such bare assertion. In this collateral attack the judgment carries with it a presumption of regularity. (*Brewer v. Amrine,* 155 Kan. 525, 127 P. 2d 447, *Miller v. Hudspeth,* 164 Kan. 688, 192 P. 2d 147.)

Petitioner was represented in the trial court by counsel and his rights were adequately protected at each stage of the proceeding.

The writ is denied.