No. 40,291 and No. 40,297

PERRY W. FERGUSON, *Appellant,* v. ARTHUR J. HOFFMAN, Warden, Kansas State Penitentiary, *Appellee.*

(299 P. 2d 596)

Opinion filed June 30, 1956.

Appellant was on the briefs *pro se.*

*Robert J. Roth,* assistant attorney general, argued the cause, and *John Anderson, Jr.,* attorney general, was with him on the briefs for the appellee.

The opinion of the court was delivered by

Robb, J.: Case No. 40,291 is an appeal from an order of the district court of Leavenworth county denying appellant's (hereinafter called plaintiff) petition for a writ of habeas corpus. Case No. 40,297 is an original proceeding in this court in which plaintiff filed a petition for a writ of habeas corpus also. Appellee, hereinafter referred to as the state, moved for consolidation of the two cases, which was granted by this court.

On October 13, 1952, in a justice of the peace court in Labette county plaintiff was charged with the theft, on or about midnight of October 12, 1952, of a box of six slabs of bacon valued at $30.00 from a Missouri-Kansas-Texas Railroad Company refrigerated produce boxcar, which boxcar was en route from Iowa to Oklahoma. He was bound over to the district court of Labette county where he was charged in an information with burglary in the second degree and larceny. In the original criminal trial plaintiff was represented by able counsel who requested the appointment of a commission to investigate plaintiff's mental condition, which request was granted. The commission duly appointed by the court was composed of three medical doctors who found plaintiff was sane and able to comprehend his position so as to make his proper defense. The state dismissed the charge of larceny, leaving on the charge of second degree burglary, to which plaintiff entered his plea of guilty.

Thereupon the state introduced evidence of more than two prior felony convictions and the court informed plaintiff the result would be that the penalty would be increased. When asked if he had any legal cause to show why judgment and sentence should not be pronounced, plaintiff answered that he had none. He was sentenced to not less than fifteen years and is now serving that sentence, from which he is seeking to obtain his release by the proceedings for writs of habeas corpus here under consideration.

Since practically the same questions are raised by plaintiff in both cases, we will treat them as one. The first is that he was illegally sentenced to from five to fifteen years when grand larceny has a prescribed statutory penalty of one to five years. This sentence of the court was correct under the information, plea and record before it at the time. (G. S. 1949, 21-533; 21-107a.)

The next contention of plaintiff is that since the boxcar was in interstate commerce, only the federal courts had jurisdiction. This

contention is in direct contravention of our long-established rule that a felon may be tried and found guilty under both federal and state law. This and the reasons therefor are ably discussed in *Schaefer v. Milner*, 156 Kan. 768, 775, 137 P. 2d 156. See, also, *Perry v. Gwartney*, 162 Kan. 607, 178 P. 2d 185. To follow some of plaintiff's cursory contentions along this line would cause us to delve into the realms of imagination to such an extent we do not deem it necessary to take time and space for their discussion.

Plaintiff's final contention is that his sentence was illegal because he was of unsound-mind and an escapee from a mental hospital in California. His statements on this are not justiciable. This is true not only for the reason they come to us upon his unsupported and uncorroborated statements, which do not sustain the burden of proof, but also for the reason that this is a matter to be raised on appeal and not to be raised in a habeas corpus proceeding. (*Hartman v. Edmondson*, 178 Kan. 164, 283 P. 2d 397; *Curl v. Hoffman*, 179 Kan. 153, 154, 292 P. 2d 1118; *Cunningham v. Hoffman*, 179 Kan. 609, 296 P. 2d 1081.)

The judgment of the trial court in case No. 40,291 is affirmed and in case No. 40,297, the original habeas corpus proceeding in this court, the writ is denied.

FATZER, J., not participating.