No. 41,255

Earl R. Thomas, *Petitioner*, v. Tracy A. Hand, Warden of the Kansas State Penitentiary, *Respondent*.

(337 P. 2d 651)

Opinion filed April 11, 1959.

*Earl R. Thomas, pro se.*

*John A. Emerson,* assistant attorney general, argued the cause, and *John Anderson, Jr.,* attorney general, was with him on the brief for the respondent.

The opinion of the court was delivered by

Parker, C. J.: This is an original proceeding in habeas corpus.

Petitioner is confined in the state penitentiary under a judgment and unexpired sentence of the district court of Leavenworth County for commission of the crime of escaping from the penitentiary without breaking, as defined by G. S. 1949, 21-734.

The sentence in question was imposed against him after a full and complete trial, at which he was at all times represented by competent counsel, on the verdict of a jury finding him guilty of the commission of such crime.

Nothing would be gained by extended reference to the verified application for a writ which this court, pursuant to petitioner's request, directed its clerk to file without requiring a deposit for costs. It suffices to say that when carefully analyzed and stripped of verbose allegations, the sole ground relied on in the application is that petitioner was denied a preliminary examination prior to being tried in the district court. At the outset it may be stated that, after a careful and extended examination of the record, it appears this claim lacks merit and cannot be upheld for a number of reasons.

In the first place the established rule in this jurisdiction is that the unsupported and uncorroborated statements of the petitioner in a habeas corpus proceeding do not sustain the burden of proof or justify the granting of a writ where—as here—the judgment rendered is regular on its face and hence entitled to a presumption

of regularity or validity. See *Hartman v. Edmondson*, 178 Kan. 164, 166, 283 P. 2d 397; *Cunningham v. Hoffman*, 179 Kan. 609, 296 P. 2d 1081; *Stebens v. Hand*, 182 Kan. 304, 320 P. 2d 790, and the decisions there cited.

In the next the record makes it affirmatively appear that petitioner was given the right to have a preliminary examination by a magistrate on the offense charged and that he waived such examination.

Last but not least, the record discloses that on the trial of the case in district court petitioner, while represented by counsel, waived arraignment, pleaded not guilty, and went to trial on the information. Under such circumstances this court is committed to the rule that, thereafter, questions raised respecting lack of a preliminary examination are no longer material; and afford no sound basis for reversal of the judgment in a criminal action on appeal (*State v. Osburn*, 171 Kan. 330, 335, 232 P. 2d 451; *State v. Majors*, 182 Kan. 644, 648, 323 P. 2d 917) or for the granting of a writ in a habeas corpus proceeding (*Ramsey v. Hand*, 183 Kan. 307, 309, 327 P. 2d 1080.)

The writ is denied.