No. 41,372

DAVID GEORGE PRATER, *Appellant,* v. TRACY A. HAND, Warden, Kansas State Penitentiary, *Appellee.*

(345 P. 2d 634)

Opinion filed November 7, 1959.

*Elisha Scott,* of Topeka, argued the cause, and *Samuel C. Jackson, John J. Scott,* and *Charles S. Scott,* all of Topeka, were with him on the brief for the appellant.

*Richard J. Foth,* Assistant Attorney General, argued the cause, and *John Anderson, Jr.,* Attorney General, and *John A. Emerson,* Assistant Attorney General, were with him on the brief for the appellee.

The opinion of the court was delivered by

PARKER, C. J.: This is an appeal from a judgment of the district court of Leavenworth County denying petitioner's application for

a writ of habeas corpus releasing him from the State Penitentiary where he is now serving an unexpired sentence of imprisonment imposed by the district court of Pratt County on the verdict of a jury finding him guilty of the crime of murder in the second degree.

In a preliminary way it may be said the record discloses the involved conviction and sentence followed a full and complete trial, during which petitioner, charged by information with murder in the first degree, was at all times represented by capable counsel of his choosing who did not see fit to file a motion for a new trial, although given permission to do so, or appeal from the judgment.

On June 3, 1958, more than four years after rendition of the judgment and sentence, petitioner filed a petition in the district court of Leavenworth County wherein the sole ground relied on by him as requiring the issuance of a writ and his release from custody was that prior to his arraignment in the district court of Pratt County he was held incommunicado for a period of one hundred twenty hours, during which time two statements were procured from him by state and local law enforcement officials which were introduced in evidence during the trial.

Respondent's answer denied all allegations of the petition and alleged the petitioner was held in his custody under a valid judgment and unexpired sentence of the district court of Pratt County.

With issues joined as related the cause came on for hearing in the district court of Leavenworth County where the only evidence adduced consisted of petitioner's uncorroborated statements in support of his petition and the respondent's records which supported the allegations of his answer. Thereupon the trial court found the petition for writ of habeas corpus should be denied and the petitioner remanded to the custody of the respondent. Judgment was entered accordingly and this appeal followed.

At the outset it should be stated the record presented, which we pause here to note was prepared *pro se* and before the employment of his present counsel, is wholly insufficient to review the judgment complained of in that no attempt is made to comply with the rules of this court pertaining to a record on appellate review. And added that, under such circumstances, we might, with entire propriety, either dismiss the appeal for that reason (*Garrison v. Amrine,* 155 Kan. 509, 510, 126 P. 2d 228) or affirm the judgment for failure to establish any prejudicial error warranting its reversal. (*Hayes v. Hudspeth,* 169 Kan. 248, 249, 217 P. 2d 904.)

Even so, it is neither necessary nor required that we dispose of the appeal on that basis and we are not inclined to do so.

The established rule of this jurisdiction is that the unsupported and uncorroborated statements of the petitioner in a habeas corpus proceeding do not sustain the burden of proof or justify the granting of a writ where—as here—the judgment rendered is regular on its face and entitled to a presumption of regularity and validity and all of our decisions so hold. See, e. g., *Thomas v. Hand,* 184 Kan. 485, 486, 337 P. 2d 651; *Stebens v. Hand,* 182 Kan. 304, 309, 320 P. 2d 790; *Ferguson v. Hoffman,* 180 Kan. 139, 141, 299 P. 2d 596; *Cunningham v. Hoffman,* 179 Kan. 609, 611, 296 P. 2d 1081; *Hartman v. Edmondson,* 178 Kan. 164, 166, 283 P. 2d 897; *Dionne v. Hudspeth,* 166 Kan. 72, 73, 199 P. 2d 176; *Kendall v. Hudspeth,* 162 Kan. 307, 308, 176 P. 2d 254.

In passing it is to be noted that, in the face of the record presented, the judgment in this case would have to be affirmed even though the evidence relating to the sole ground relied on by appellant, in his petition as grounds for the issuance of a writ, was conflicting. Under our decisions, absent a motion for a new trial in a habeas corpus proceeding, there can be no re-examination of issues of fact (*Johnson v. Best,* 156 Kan. 668, 135 P. 2d 896).

In conclusion it should be pointed out we have disregarded, not overlooked, belated attempts by counsel to inject into this case an issue which, with commendable candor, they concede was not involved or passed upon by the court below. The rule, so well-established that it requires no citation of the authorities supporting it, is that issues not presented or involved on the trial of a case in district court will not be considered on appellate review and afford no sound basis for disturbing the judgment.

The judgment is affirmed.