No. 43,911

WILLIE WILLIAMS, *Appellant,* v. SHERMAN H. CROUSE, Warden, Kansas State Penitentiary, Lansing, Kansas, *Appellee.*

(394 P. 2d 96)

Opinion filed July 14, 1964.

*Willie Williams,* Appellant, was on the briefs *pro se.*

*Richard H. Seaton,* Assistant Attorney General, of Topeka, argued the cause, and *William M. Ferguson,* Attorney General, of Topeka, was with him on the briefs for appellee.

The opinion of the court was delivered by

FATZER, J.: The appellant, Willie Williams, has appealed from the judgment of the district court of Leavenworth entered on November 15, 1963, denying his petition for a writ of habeas corpus.

Pertinent facts occurring prior to the filing of his petition for habeas corpus are summarized: On March 29, 1960, the defendant appeared before the district court of Johnson County for arraign-

ment on three counts of burglary in the second degree and grand larceny. Being without counsel and without funds with which to employ counsel and desiring that counsel be appointed to represent him, the court appointed Lawrence T. Loftus, a member of the Bar of Johnson County and a practicing attorney in Olathe, as his attorney. The defendant's arraignment was continued to April 4, 1960.

On April 4, 1960, the defendant and his attorney appeared before the district court for arraignment. The information, charging three counts of second degree burglary and grand larceny under G. S. 1961 Supp., 21-520, and G. S. 1949, 21-524, was read to the defendant and he entered a plea of not guilty to each of the three counts. Upon the defendant's request, a separate trial was ordered.

On April 14, 1960, the defendant's case was tried to a jury and it returned its verdict finding him not guilty as to the first count, but found him guilty as to the other two counts of burglary in the second degree and grand larceny. Thereafter, the defendant duly filed his motion for a new trial, which was heard and overruled, and on May 2, 1960, he was sentenced to confinement in the Kansas State Penitentiary under G. S. 1949, 21-107a, commonly known as the Habitual Criminal Act. He is presently confined in the state penitentiary under that sentence.

On July 5, 1960, the defendant filed his notice of appeal *pro se* to this court, appealing from his conviction in the district court of Johnson County. The appeal was docketed and given No. 42,223. Rule No. 2 of this court with respect to a cost deposit was waived, and the defendant was permitted to proceed *in forma pauperis*. Thereafter, the defendant filed a "Motion for Records" in the district court of Johnson County pursuant to G. S. 1961 Supp., 62-1304, for a complete transcript of the proceedings of his trial and conviction. On July 13, 1960, the district court sustained the motion and ordered the court reporter to prepare and forward the transcript to the defendant in the penitentiary. Having not received the transcript, the defendant filed a motion in this court on August 4, 1960, for an order requiring the district court to furnish him with a complete transcript. The defendant's motion was referred to the attorney general of Kansas for investigation and report to this court, and on September 14, 1960, the attorney general advised that the delay in furnishing the appellant's transcript was occasioned by summer vacation of the court reporter and that the reporter was in the process of preparing a transcript. On October

10, 1960, this court denied the appellant's motion for the reason that the transcript had been delivered to him or was in the process of being delivered to him. As is hereafter noted, the defendant alleged the reasons for the dismissal of the appeal from his criminal conviction, No. 42,223, on May 22, 1961.

On October 31, 1963, the appellant filed a petition for a writ of habeas corpus in the district court of Leavenworth County. He alleged the transcript of proceedings furnished him by the district court of Johnson County pursuant to G. S. 1961 Supp., 62-1304 was incomplete; that on July 13, 1960, he was advised the district court had granted his motion for records and that the court reporter was in the process of preparing the records; that through the study of prison law books he learned that the rules governing appeals in Kansas provided that a defendant can only appeal from the order overruling his motion for a new trial, which caused the petitioner to destroy his improperly prepared briefs and that thereafter the appeal from his criminal conviction was dismissed. He alleged that the transcript of proceedings of his trial and conviction furnished him was incomplete in that it did not include questions asked by the jury during its deliberation, or the court's answers to the questions, or oral argument of counsel at the hearing on the motion for a new trial. He further alleged that on August 1, 1963, he wrote the court reporter making inquiry as to the availability of the records which he contended had been omitted from the transcript previously provided him by the district court of Johnson County; that the court reporter advised him the desired records could be purchased for $20; that such action on the part of the court reporter was a substantial discrimination against him as an indigent, which was contrary to the principles of equal justice and inconsistent with requirements of fair procedure assured by the due process of the Fourteenth Amendment, and that a writ of habeas corpus should issue.

The respondent filed an answer to the appellant's petition admitting that he was confined in the Kansas State Penitentiary pursuant to this conviction in the district court of Johnson County, and denied all other allegations in the petition.

Upon the issues joined, the district court heard the matter on November 13, 1963, and took it under advisement. On November 15, 1963, it made findings of fact and conclusions of law and entered an order dissolving the writ of habeas corpus. Following

the overruling of his motion for a new trial, the appellant perfected this appeal.

The record indicates that at the trial in the district court, the appellant offered no evidence nor the transcript provided by the district court of Johnson County, but made arguments of law only, and rested. The respondent introduced his evidence, and rested. The district court made findings of fact that the petitioner was being held in the custody of the respondent pursuant to a valid and unexpired sentence imposed by the district court of Johnson County; that he had not been deprived of any rights guaranteed to him by either the Constitution of the United States or the Constitution of Kansas, and that the evidence failed to show he was illegally deprived of his liberty or was being unlawfully confined by the respondent. In its conclusion of law, the court ordered that the writ of habeas corpus theretofore issued be discharged and that the appellant be remanded to the custody of the respondent.

The appellant makes three specifications of error: (1) that the district court erred in failing to make separate findings of fact and conclusions of law; (2) in failing to find that his right to a free transcript was not violated, and (3) in failing to appoint counsel to represent him in the habeas corpus proceeding.

With respect to specifications of error 1 and 3, the record indicates that at no time did appellant request the district court to appoint counsel for him nor did he request that the court make separate findings of fact and conclusions of law. (As previously indicated, the court made comprehensive findings of fact and conclusions of law.) No complaint was made of these points by the appellant when the case was tried below nor did he urge either of them as error at the hearing on his motion for a new trial. He is thus foreclosed from raising either issue on this appeal. The rule is well settled that issues not raised or determined in the district court will not be considered on appellate review. (*State v. Coover*, 69 Kan. 382, 384, 76 Pac. 845; *State v. Barr*, 144 Kan. 256, 59 P. 2d 33; *State v. Mosley*, 163 Kan. 530, 183 P. 2d 877; *Prater v. Hand*, 185 Kan. 405, 407, 345 P. 2d 634.)

With respect to specification of error 2, the appellant alleged that he was indigent at the time of his conviction and was denied a complete transcript of the trial for use in taking an appeal, which violated his right under G. S. 1961 Supp., 62-1304, and also his right under the Fourteenth Amendment to an appeal which is as adequate as that available to a person with money, and cites

*Eskridge v. Washington Prison Bd.*, 357 U. S. 214, 2 L. Ed. 2d 1269, 78 S. Ct. 1061.

As previously indicated, the appellant introduced no evidence to establish that he was denied a transcript, but chose to rely upon his own unsupported and uncorroborated statements. The appellant's conviction in Johnson County carries a presumption of regularity, and where one convicted of a crime attacks such judgment by habeas corpus proceedings on the ground that his constitutional rights were violated, he has the burden of proof to establish such fact by a preponderance of the evidence. (*Andrews v. Hand,* 190 Kan. 109, 121, 372 P. 2d 559.) That burden is not sustained by his unsupported statements. (*McGee v. Crouse,* 190 Kan. 615, 376 P. 2d 792; *Hardman v. Hand,* 190 Kan. 148, 149, 373 P. 2d 178.) In *Prater v. Hand,* supra, it was said:

"The established rule of this jurisdiction is that the unsupported and uncorroborated statements of the petitioner in a habeas corpus proceeding do not sustain the burden of proof or justify the granting of a writ where—as here—the judgment rendered is regular on its face and entitled to a presumption of regularity and validity and all of our decisions so hold. See, e. g., *Thomas v. Hand,* 184 Kan. 485, 486, 337 P. 2d 651; *Stebens v. Hand,* 182 Kan. 304, 309, 320 P. 2d 790; *Ferguson v. Hoffman,* 180 Kan. 139, 141, 299 P. 2d 596; *Cuningham v. Hoffman,* 179 Kan. 609, 611, 296 P. 2d 1081; *Hartman v. Edmondson,* 178 Kan. 164, 166, 283 P. 2d 397; *Dionne v. Hudspeth,* 166 Kan. 72, 73, 199 P. 2d 176; *Kendall v. Hudspeth,* 162 Kan. 307, 308, 176 P. 2d 254." (1. c. 407.)

For this reason alone the judgment of the district court was correct and should be affirmed.

However, the record clearly shows that the appellant requested and received a transcript of the trial, which included the opening statements of counsel, all the testimony, and the closing arguments of counsel. In his petition, he complains that this transcript was incomplete because it did not contain a record of the judge's answers to questions asked by the jury during its deliberation, nor a record of the argument of counsel on the motion for a new trial. There is nothing in the record to indicate that the appellant was not furnished a complete transcript of all the proceedings had at the trial, other than his unsupported statements, and that is insufficient to sustain his burden of proof. With respect to the record of argument of counsel on the motion for a new trial, it may be said, generally speaking, that district courts do not make a record of such argument—such a record is made only when requested prior to the hearing.

In his petition, the appellant alleged in effect that his purported appeal to this court from his criminal conviction was not properly perfected in that he did not appeal from the order overruling his motion for a new trial, and that he destroyed his briefs and papers in connection therewith. That, in effect, alleged an acquiescence in the dismissal of the appeal. However, he states in his brief that he could not perfect his appeal without the alleged missing portions of the transcript. That, of course, is not the law. One convicted of a crime does not need any part of the transcript in order to comply with the adequate and easily-complied-with method of perfecting an appeal in a criminal case. (G. S. 1949, 62-1701, 62-1724.)

The record substantiates that the appellant was seeking to obtain a transcript which he already had, for the purpose of filing a habeas corpus proceeding attacking the validity of his judgment and conviction. While the appellant cannot be blamed for his misunderstanding of the law and for his belief that habeas corpus is a substitute for an appeal, few words are needed to reiterate the well-known rule of appellate practice that an application for a writ of habeas corpus will not be recognized as a substitute for a regular and timely appeal from a judgment and sentence in a criminal case. (*Andrews v. Hand,* supra.) Since habeas corpus is a civil remedy (G. S. 1949, 60-2201; *Love v. Love,* 188 Kan. 185, 188, 360 P. 2d 1061), the provisions of G. S. 1961 Supp., 62-1304 have no application. In *State v. Chance,* 190 Kan. 661, 378 P. 2d 11, it was held in syllabi 1 and 2:

"G. S. 1961 Supp., 62-1304, is construed, and it is *held:* The district court is not required to order the county to furnish an indigent defendant a transcript of proceedings of his trial and conviction of felony to enable him to file a habeas corpus proceeding to review his conviction.

"Where a defendant's appeal from his conviction of felony is not timely perfected pursuant to G. S. 1949, 62-1724, the district court is not required to order a transcript of the trial court's proceedings made at the expense of the county."

See, also, *State v. Shores,* 187 Kan. 492, 357 P. 2d 798.

The right to a free transcript under G. S. 1961 Supp., 62-1304, and the right to an effective appeal under the Fourteenth Amendment are not afforded an indigent who has no desire to appeal or who does not timely perfect an appeal, or, as here, who makes an imperfect appeal and later acquiesces in its dismissal. Rather, they are meant for

one who seeks to appeal but is prevented from doing so by lack of adequate funds with which to procure a transcript.

Assuming, *arguendo*, that the transcript the appellant received was incomplete, nevertheless the appellant thought he had a defective appeal and later acquiesced in its dismissal. Again, we cannot say from the record that the transcript furnished the appellant was defective in any way. He chose not to introduce the transcript into evidence and, we have seen, his uncorroborated and unsupported statements in that respect are not sufficient to warrant the granting of a writ of habeas corpus. In short, the appellant has failed to sustain the burden of proving a violation of his constitutional right. As is always, the burden is upon the appellant to make it affirmatively appear that there is reversible error in the record, and our examination fails to disclose any such error.

The judgment is affirmed.