No. 44,170

Lloyd William Huston, *Appellant*, v. State of Kansas, *Appellee*.

(403 P. 2d 122)

Opinion filed June 12, 1965.

*Kenneth E. Peirce*, of Hutchinson, argued the cause, and was on the briefs for the appellant.

*Raymond Berkley*, Assistant County Attorney, of Hutchinson, argued the cause, and *Richard J. Rome*, County Attorney, of Hutchinson, was with him on the briefs for the appellee.

The opinion of the court was delivered by

Fatzer, J.: This is an appeal from an order of the district court of Reno County, Kansas, denying appellant's motion initiated pursuant to the provisions of K. S. A. 60-1507, to vacate and set aside the judgment and sentence of that court in a criminal action.

The vague and incomplete record discloses that appellant, Lloyd William Huston, hereafter referred to as plaintiff, was confined in the Reno County jail on the charge of grand larceny for feloniously

stealing and carrying away personal property belonging to another. Since it was determined that plaintiff was unable to employ counsel, the court, on December 14, 1961, appointed Mr. Clair D. Hyter, a member of the Reno County Bar, to represent him.

After consulting with his attorney and on December 15, 1961, plaintiff was taken before the district court where he was questioned by the judge as to whether he desired court-appointed counsel and if he had talked to Mr. Hyter, and plaintiff replied that he had. The judge further inquired of plaintiff if he was willing for Mr. Hyter to represent him and in reply to this inquiry the plaintiff said, "yes sir, if it is okay."

Immediately following this colloquy, the plaintiff voluntarily entered his plea of guilty to the charge of grand larceny and thereafter evidence of a prior felony conviction to which plaintiff admitted in open court, was offered into evidence. The court then sentenced the plaintiff under G. S. 1961 Supp. 21-533 (now K. S. A. 21-533) and G. S. 1949, 21-107a (now K. S. A. 21-107a), to the Kansas State Penitentiary for a term not exceeding ten years.

On September 3, 1964, plaintiff filed his motion to vacate and set aside the judgment and sentence in his criminal action and this motion was heard on September 28, 1964. During this time, plaintiff was duly represented by his court-appointed counsel, Mr. John H. Shaffer, a member of the Reno County Bar. On October 28, 1964, the court denied plaintiff's motion on the ground plaintiff was not denied due process of law and from this order plaintiff perfected his appeal to this court where again he was favored as having as his court-appointed counsel Mr. Kenneth E. Peirce, a member of the Reno County Bar, to represent him in this court.

The plaintiff principally contends that the time between the date counsel was appointed and the date he entered his plea of guilty, he was not afforded adequate time to consult with his counsel and, as a result, he was denied the effective assistance of counsel in violation of due process of law as guaranteed by the Fourteenth Amendment to the Constitution of the United States.

The record discloses that the provisions of K. S. A. 62-1304, which requires the court to appoint counsel for an indigent defendant, was fully complied with. The duties prescribed for counsel are set out in the above mentioned statute and it must be presumed, absent a showing to the contrary, that court-appointed counsel complied with and performed all his duties as counsel for defendant.

In *Goetz v. Hand*, 185 Kan. 788, 347 P. 2d 349, it was said:

"We therefore hold in a criminal action where counsel is appointed to represent an accused who is sentenced to imprisonment upon his plea of guilty, a judgment record showing full compliance with the jurisdictional requirements of 62-1304, *supra,* insofar as applicable, is *prima facie* evidence to prove that the primary rights of the accused to a trial have been safeguarded as provided in the statute, and the uncorroborated statements of the accused in a subsequent habeas corpus action are insufficient to overcome this evidence. . . ." (l. c. 793, 794.)

The contention that plaintiff was denied the effective assistance of counsel because of the brevity of time he had to consult with counsel is supported only by his uncorroborated statement. In fact, the record shows otherwise. It reveals, as previously stated, that the district court inquired of plaintiff if he had talked with Mr. Hyter and his answer was that he had.

Plaintiff's replies to the court's inquiries clearly and unequivocally show that he must have been completely satisfied with the advice and assistance he received the day before when he discussed his case with counsel, otherwise he would not have accepted Mr. Hyter's services when the court asked if he was willing to have Mr. Hyter represent him.

Plaintiff's own statements which affirmatively show his satisfaction with Mr. Hyter's services and which, we may add, negates any subsequent idea he may have received as an afterthought, would put an abrupt end to this appeal. For this reason alone the judgment of the district court was correct and should be affirmed. However, it is not necessary that we rely solely or limit our holding based upon plaintiff's remarks during this inquiry.

Rule 121 (g) of the Supreme Court reads:

"BURDEN OF PROOF. The movant has the burden of establishing his grounds for relief by a preponderance of the evidence. The uncorroborated statements of the movant shall be insufficient to sustain the burden of proof."

The rule that the unsupported and uncorroborated statements of a defendant do not sustain the burden of proof is well established in this state. In *Williams v. Crouse,* 193 Kan. 526, 394 P. 2d 96, it was said:

". . . The appellant's conviction . . . carries a presumption of regularity, and where one convicted of a crime attacks such judgment . . . on the ground that his constitutional rights were violated, he has the burden of proof to establish such fact by a preponderance of the evidence. (*Andrews v. Hand,* 190 Kan. 109, 121, 372 P. 2d 559.) That burden is not sustained by his unsupported statements. (*McGee v. Crouse,* 190 Kan. 615, 376 P. 2d 792; *Hardman v. Hand,* 190 Kan. 148, 149, 373 P. 2d 178.)" (l. c. 530.)

See, also, *Prater v. Hand,* 185 Kan. 405, 345 P. 2d 634, where it was stated:

"The established rule of this jurisdiction is that the unsupported and uncorroborated statements of the petitioner in a habeas corpus proceeding do not sustain the burden of proof or justify the granting of a writ where— as here—the judgment rendered is regular on its face and entitled to a presumption of regularity and validity and all of our decisions so hold. See, e. g., *Thomas v. Hand,* 184 Kan. 485, 486, 337 P. 2d 651; *Stebens v. Hand,* 182 Kan. 304, 309, 320 P. 2d 790; *Ferguson v. Hoffman,* 180 Kan. 139, 141, 299 P. 2d 596; *Cunningham v. Hoffman,* 179 Kan. 609, 611, 296 P. 2d 1081; *Hartman v. Edmondson,* 178 Kan. 164, 166, 283 P. 2d 397; *Dionne v. Hudspeth,* 166 Kan. 72, 73, 199 P. 2d 176; *Kendall v. Hudspeth,* 162 Kan. 307, 308, 176 P. 2d 254." (l. c. 407.)

After a complete review of the record, we hold that the plaintiff did not sustain his burden of proof.

Other contentions, although neither argued nor briefed but contained in the statement of points, have not been overlooked, but have been examined, and found to be completely lacking in merit, and the district court did not err in denying relief.

The judgment is affirmed.