No. 44,447

James Richard Tate, *Appellant,* v. State of Kansas, *Appellee.*

(411 P. 2d 661)

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Opinion
filed March 5, 1966. ▮▮▮▮▮▮▮

*Reuben E. Weatherford, Jr.,* of Independence, argued the cause, and was on the brief for the appellant.

*Monte K. Heasty,* assistant county attorney, argued the cause, and *Robert C. Londerholm,* attorney general, and *B. D. Watson,* county attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

O'Connor, J.: This is an appeal from an order of the district court of Montgomery county denying appellant's motion filed under the provisions of K. S. A. 60-1507 to vacate and set aside a judgment and sentence. Hereinafter appellant will be referred to as petitioner or Tate.

The facts necessary for disposal of the appeal are as follows: Tate and Joseph Newman were arrested on a warrant charging them with first degree robbery and larceny of an automobile. A preliminary hearing was held at which Tate appeared without counsel and introduced no evidence. At the conclusion of the state's evidence Tate was bound over to the district court to stand trial on both charges.

An information was subsequently filed in the district court charging Tate with the aforementioned offenses, and on September 14, 1961, he appeared for arraignment with counsel of his own choosing, E. Lael Alkire, a member of the Sedgwick County Bar. Tate entered

a plea of guilty to count one of the information charging him with robbery in the first degree ( G. S. 1949, 21-527 [now K. S. A. 21-527] ), and on motion by the state, count two, charging larceny of an automobile, was dismissed. Pursuant to the provisions of G. S. 1949, 21-530 (now K. S. A. 21-530) and G. S. 1957 Supp., 62-2239 (now K. S. A. 62-2239) the petitioner was sentenced to confinement in the state penitentiary for a term of not less than ten nor more than twenty-one years.

While confined in the penitentiary, Tate mailed to the district court on July 20, 1964, a letter which was treated as a motion for relief under the provisions of K. S. A. 60-1507. The only ground set forth in petitioner's motion was that he did not have counsel at his preliminary hearing. The district court, in setting the motion for hearing, found that no question of fact was raised therein which required the presence of the petitioner or the appointment of counsel for him. The court ordered that notice of time and place of hearing be given to "all those parties concerned." An affidavit of mailing by the county attorney shows that notice was mailed to the petitioner and Mr. Russell Shultz, an attorney in Wichita. Although Mr. Shultz did not appear at the hearing on August 13, 1964, the journal entry reflects a finding by the court that the petitioner was then represented by Mr. Shultz as "new counsel of his own choosing." The journal entry further discloses that the court, after considering the records and files of the case, concluded the judgment and sentence previously entered was valid in all respects and denied petitioner's motion. Tate subsequently filed a motion for rehearing, which was summarily denied. From these orders he now appeals.

Petitioner, by his present, court-appointed counsel, raises three points on appeal, namely, (1) he was not represented by counsel at his preliminary hearing, (2) his plea of guilty was induced by coercion, threats and promises, and therefore was involuntary, and (3) new evidence exists consisting of an affidavit by Newman exonerating Tate of any guilt in the commission of the crime to which he pleaded guilty.

Petitioner's complaint of lack of counsel at his preliminary hearing is the only question that was presented to the trial court for determination. Although listed as one of his points on appeal, it is neither argued nor briefed and may therefore be considered as having been abandoned. (*Vaughan v. Hornaman,* 195 Kan. 291, 403 P. 2d 948; *Scrinopskie v. Arthur Murray, Inc.,* 195 Kan. 278, 403

P. 2d 1001.) A search of the record, however, fails to reveal any proceedings transpired at the preliminary hearing that were or could have been prejudicial to the petitioner upon his subsequent plea of guilty. Even were the matter not abandoned, it is a firmly established rule in this state that there is no constitutional requirement that counsel be appointed for an indigent defendant at his preliminary hearing. For a few of our more recent cases, see *Cooper v. State*, 196 Kan. 421, 411 P. 2d 652; *Fields v. State*, 195 Kan. 718, 408 P. 2d 674; *Shores v. State*, 195 Kan. 705, 408 P. 2d 608; *Blacksmith v. State*, 195 Kan. 523, 407 P. 2d 486; *Zumalt v. State*, 195 Kan. 520, 407 P. 2d 234; *Chance v. State*, 195 Kan. 430, 407 P. 2d 236, cert. den. 382 U. S. 1019, 15 L. Ed. 2d 534, 86 S. Ct. 638. Furthermore, this court has consistently held that any claimed irregularities pertaining to a preliminary examination are deemed to be waived where a defendant enters a voluntary plea of guilty in the district court. (*Blacksmith v. State*, supra; *Chance v. State*, supra; *Portis v. State*, 195 Kan. 313, 403 P. 2d 959.)

Tate's brief and argument pertain primarily to his second and third points, neither of which was mentioned or presented to the district court. Under such circumstances we are in no position to consider the questions. This court will not for the first time consider issues on appeal which have not been presented to the trial court. (*Call v. State*, 195 Kan. 688, 408 P. 2d 668; *State v. Talbert*, 195 Kan. 149, 402 P. 2d 810, cert. den. 382 U. S. 868, 15 L. Ed. 2d 107, 86 S. Ct. 143; *Prater v. Hand*, 185 Kan. 405, 345 P. 2d 634.)

The judgment is affirmed.