No. 44,045

STATE OF KANSAS, *Appellee,* v. JOHN EDWARD BAKER, *Appellant.*

(421 P. 2d 16)

Opinion filed December 10, 1966.

*Richard G. Rossman,* of Olathe, argued the cause, and was on the briefs for the appellant.

*James A. Wheeler,* assistant county attorney, argued the cause, and *Robert C. Londerholm,* attorney general, and *Hugh H. Kreamer,* county attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

O'CONNOR, J.: This is a direct criminal appeal wherein the defendant, John Edward Baker, was convicted by a jury of the crimes of burglary in the second degree (G. S. 1961 Supp., 21-520, now K. S. A. 21-520) and grand larceny (G. S. 1949, 21-524, now K. S. A. 21-524). After overruling the defendant's motion for new trial, the district court sentenced him under the habitual criminal statute to the penitentiary for not less than thirty nor more than forty years on each of the two charges, said sentences to run consecutively.

The factual background of this prosecution is that a complaint was filed in the magistrate court of Johnson county charging Baker with breaking and entering the Ralph Rye Service Station at De Soto on or about November 15, 1963, and stealing from the station property valued in excess of fifty dollars. The defendant was arrested November 17 in Kansas City, Missouri, on a traffic violation, and was found to have in his possession a suitcase containing a display card of cigarette lighters that were later identified as having been stolen from the service station. Baker was returned to Johnson county, where he waived preliminary hearing, and was bound over to district court. On January 6, 1964, he appeared before the district court, and Mr. H. Charles Parrish was appointed to represent him. Formal reading of the information was waived and Baker entered a plea of not guilty. Ten days later, defendant, with his attorney, again appeared before the district court for the purpose of changing his plea to guilty. After questioning the defendant and determining he wished to maintain his original plea of not guilty, the court designated January 20 for commencement of trial by jury.

The state's evidence, although refuted by defendant's testimony in his own behalf, disclosed that on the evening of November 15, or the early morning of November 16, 1963, the Ralph Rye Service Station was burglarized. Entrance was gained by breaking a back window in the grease room. A display card of cigarette lighters,

two necklaces, a transistor radio, two mud-and-snow tires, two conventional tires, a telescope, money from the cash register and safe, and a carton of .22 shells were taken from the station. Mr. Rye testified the value of the missing articles was approximately $192. Other witnesses called by the state testified about oral admissions made by Baker concerning his perpetration of the burglary, his removal from the station of a portion of the missing articles, and that the burglary occurred while "it was dark." The testimony was received in evidence, without objection by the defendant, although in testifying in his own behalf he inferred he was coerced into making the incriminating statements.

The trial court, without objection by the defendant, instructed the jury on second degree burglary (K. S. A. 21-520) and grand larceny (K. S. A. 21-524). The jury returned a verdict of guilty on both charges. A motion for new trial filed by the defendant on the sole ground the verdict was contrary to the evidence was overruled on January 29, 1964. The state, without objection, introduced into evidence authenticated copies of five prior convictions. Although the state recommended life imprisonment, the two consecutive sentences hereinbefore set forth were imposed.

Defendant filed his notice of appeal *pro se*, and thereafter present counsel was appointed. An amended notice of appeal, subsequently filed, stated that the defendant appealed from (1) the order denying his motion for new trial, and (2) the order permitting endorsement of the name of a witness on the information two days before trial.

Although defendant has set forth twenty specifications of error, we first focus our attention on those specifications which present the primary issue of this appeal, namely, whether or not an accused may be tried and convicted of burglary in the second degree (K. S. A. 21-520) without having been charged in the information with all of the elements of the offense.

In studying the information, which reads in part:

". . . that on or about the 15th day of November, 1963, . . . one John Edward Baker did then and there unlawfully, willfully and feloniously break and enter into the Ralph Rye Service Station, De Soto, Kansas, and did steal, take and carry away the property of another, . . . said property being of the value of more than $50.00 in United States money. . . ."

we note that it does not include the words "in the nighttime." Notwithstanding such omission, the case was submitted to the jury on instructions which specifically included the phrase as an element of the offense. The jury returned a verdict finding the defendant

guilty of "burglary in the second degree." The record discloses ample evidence to sustain the jury's finding, including evidence that the burglary was, in fact, committed "in the nighttime."

The crux of defendant's argument is that the verdict was a nullity for the reason the information did not charge him with the crime of which he was convicted. The state, on the other hand, argues that the wording of the information, being sufficiently broad in scope to charge both nighttime and daytime burglary, adequately apprised the defendant he was being charged with burglary; and the evidence being uncontradicted that the burglary was committed in the nighttime, the court therefore properly instructed the jury it could find the defendant guilty of second degree burglary. To sustain its position, the state relies on several California cases, *People v. Martin,* 128 Cal. App. 2d 361, 275 P. 2d 635, *People v. Collins,* 117 Cal. App. 2d 175, 255 P. 2d 59, and *People v. Walsh,* 75 Cal. App. 434, 243 Pac. 31, which support the rule in that jurisdiction that an allegation of burglary which does not specify whether the entry occurred in the daytime or the nighttime sufficiently charges both *first* and *second* degree burglary, and the degree of the offense is to be determined by the jury if it finds the defendant guilty, or by the court upon a plea of guilty. We believe the rule is not in harmony with the provisions of our statutes requiring that an information be direct and certain as it regards the offense charged (K. S. A. 62-1005), and that the offense charged be stated with such a degree of certainty that the court may pronounce judgment upon conviction (K. S. A. 62-1010, *Fifth*).

By the express terms of K. S. A. 21-520 the fact that the breaking and entering must occur *in the nighttime* makes it an essential element of the offense of burglary in the second degree. This element is the distinguishing factor in differentiating between burglary in the second and third degrees. Thus, in order for an accused to be charged with the offense of second degree burglary it is necessary the allegations of the information include the phrase "in the nighttime." Absent the phrase, the information is insufficient to allege the offense and, consequently, cannot support a conviction thereon.

We are not required to decide whether or not an information that does not specify the burglary occurred in the daytime or nighttime is sufficient to charge the offense of burglary in the third degree (K. S. A. 21-521), but assuming, *arguendo,* the lesser degree

was adequately charged in the case at bar, the defendant could not be convicted of second degree burglary, a greater offense. (*State v. Keester*, 121 Kan. 167, 246 Pac. 685; 23A C. J. S., Criminal Law § 1400.)

In our opinion, the disposition of this point is controlled by our recent decision in *State v. Minor*, 197 Kan. 296, 416 P. 2d 724. There, the defendant, although charged with the offense of manslaughter in the fourth degree, was prosecuted and convicted of manslaughter in the first degree. In holding the conviction void, this court pointed out that the information or indictment being the jurisdictional instrument upon which an accused stands trial, its failure to allege an essential element of manslaughter in the first degree could not be corrected by the court or the parties proceeding to trial as though the information had charged manslaughter in the first degree. Hence, the conviction of manslaughter in the first degree based upon an information which did not charge such offense was void for lack of jurisdiction of the subject matter.

We have not overlooked the state's contention that defendant waived his right to question the validity of his burglary conviction because he failed to attack the sufficiency of the information. The cases on which the state relies, *State v. Ashton*, 175 Kan. 164, 262 P. 2d 123, and *State v. Neer*, 169 Kan. 743, 222 P. 2d 558, are inapplicable to a factual situation where, as here, an essential element of the offense has been omitted in the allegations of the information, and as a result the information is jurisdictionally defective.

We therefore hold that a conviction of burglary in the second degree based on an information which failed to allege an essential element of the offense is void for lack of jurisdiction of the subject matter, and a judgment entered pursuant thereto is a nullity.

Our conclusion regarding the burglary charge, however, does not affect the defendant's conviction for the offense of grand larceny. The offenses are separate and distinct. (*State v. Treadwell*, 54 Kan. 513, 38 Pac. 813.) In *State v. Bratcher*, 105 Kan. 593, 185 Pac. 734, it was stated:

"Under an information charging the defendant with burglary, and larceny of property worth more than twenty dollars committed in connection therewith, a conviction of grand larceny may be had." (Syl. ¶ 1.)

Here, the information in one count charged burglary (defectively) and larceny of property of the value of more than fifty dollars committed in connection therewith. Though the information was ob-

viously drawn under G. S. 1949, 21-524 (now K. S. A. 21-524), it was sufficient to also charge the offense of grand larceny under G. S. 1961 Supp., 21-533 (now K. S. A. 21-533). The elements of larceny under either statute are the same. (*State v. Bratcher*, supra.) The uncontroverted evidence was that the stolen property was of a value well in excess of fifty dollars. The jury specifically found the defendant guilty of "grand larceny." Under these circumstances, the defendant's conviction of the offense of grand larceny is unaffected by the invalidity of his conviction of burglary in the second degree.

We proceed to the other specifications of error urged by the defendant. Fourteen of them relate to alleged trial errors and events occurring prior to sentencing. None of these specifications, however, is before this court for review.

It is a long-standing rule of appellate procedure that in a criminal action alleged trial errors not heard or presented at the hearing of a motion for new trial are unavailing on appeal; furthermore, specifications of error not included in the grounds of a motion for new trial and not called to the trial court's attention cannot be considered on appeal from a conviction in a criminal case. (*State v. Freeman*, 195 Kan. 561, 408 P. 2d 612, cert. den. 384 U. S. 1025, 16 L. Ed. 2d 1030, 86 S. Ct. 1981; *State v. Trams*, 189 Kan. 393, 369 P. 2d 223; *State v. Hickock & Smith*, 188 Kan. 473, 363 P. 2d 541, appeal dismissed 373 U. S. 544, 10 L. Ed. 2d 688, 83 S. Ct. 1545; *State v. Morrow*, 186 Kan. 342, 349 P. 2d 945.) Although the defendant appealed from the order permitting the endorsement of the name of a witness on the information and specified the ruling as one of the specifications, it was not included in his motion for new trial. Therefore, this and other specifications pertaining to alleged trial errors not presented at the hearing on the motion for new trial are not now subject to review.

With regard to those specifications having to do with matters other than trial errors occurring prior to sentencing, the record reveals no complaint was made by the defendant when the case was tried, and under such circumstances this court will not for the first time consider issues on appeal which have not been presented or determined in the trial court. (*Tate v. State*, 196 Kan. 435, 411 P. 2d 661; *Williams v. Crouse*, 193 Kan. 526, 394 P. 2d 96; *Prater v. Hand*, 185 Kan. 405, 345 P. 2d 634.)

Defendant next urges that the trial court erred in overruling his motion for new trial. The specification is properly before us; how-

ever, his counsel candidly admits, and we agree, the contention is without merit. The only ground relied on in the motion was that the verdict was contrary to the evidence. We have already pointed out there was substantial, competent evidence to support the verdict finding the defendant guilty of grand larceny.

The remaining specifications on which the defendant predicates error have to do with sentencing. He contends that the authenticated journal entries of his five former convictions admitted into evidence without objection at the time of sentencing were not all for felonies, and their admission resulted in the court's being biased and prejudiced against him. Defendant now concedes three of the prior convictions were for felonies. The trial court, in accordance with G. S. 1949, 21-107a (now K. S. A. 21-107a), could have imposed life imprisonment, as recommended by the state, or imprisonment for any number of years not less than fifteen. (*State v. Morrow*, supra.) The sentence actually imposed for grand larceny was well within the limits authorized by statute and was not excessive under the circumstances. The defendant's claim of bias and prejudice on the part of the trial court is manifestly untenable on the record before us.

Defendant further argues that he was not represented by counsel at the time of all of his prior convictions and thus such convictions, being void, could not be used to enhance the penalty. We need not belabor the point. The three convictions which defendant concedes were for felonies committed in Missouri and Louisiana. The journal entries of the two Missouri convictions show on their face defendant was represented by counsel. The record of the Louisiana conviction is silent on the point. The two Missouri convictions were sufficient to authorize imposition of the present sentence as a third felony conviction under the statute. Moreover, the rule in this jurisdiction is that a defendant in a criminal action cannot make a collateral attack upon the judgment of a prior conviction in another state on the ground that he was not represented by counsel in an effort to defeat the application of the habitual criminal act, since the full faith and credit clause of the United States Constitution requires this state to give full faith and credit to the judgments of the courts of our sister states. (*Chappell v. State*, 197 Kan. 407, 416 P. 2d 786; *State v. Engberg*, 194 Kan. 520, 400 P. 2d 701, cert. den. 383 U. S. 921, 15 L. Ed. 2d 676, 86 S. Ct. 899.)

We have carefully examined the entire record, and the defendant

has failed to make it appear that there was any error that would justify the reversal of his conviction and sentence for grand larceny.

Accordingly, the trial court's judgment and sentence for the offense of grand larceny is affirmed, and its judgment and sentence for the offense of burglary in the second degree is vacated and set aside.

It is so ordered.