No. 44,225

STATE OF KANSAS, *Appellee,* v. ARLIS BLAIR, *Appellant.*

(421 P. 2d 22)

Opinion filed December 10, 1966.

*Jack L. Goodrich,* of Parsons, was on the briefs and argued the cause for the appellant.

*Rex Lawhorn,* County Attorney, argued the cause, and *Robert C. Londerholm,* Attorney General, was with him on the briefs for the appellee.

The opinion of the court was delivered by

KAUL, J.: The defendant, Arlis Blair, on September 16, 1964, appeared before the district court with counsel of his choice and entered a plea of guilty to burglary in the second degree. After interrogating defendant and his counsel the court accepted defendant's plea and sentenced defendant to a term of not less than ten nor more than twenty years in the Kansas State Penitentiary pursuant to G. S. 1961 Supp., 21-520 (now K. S. A. 21-520) and G. S. 1949, 21-523 and 21-107a (now K. S. A. 21-523 and 21-107a).

The defendant filed a timely notice of appeal and the district court appointed present counsel pursuant to Rule No. 56 of this court (Prefatory Rule No. 1 [*f*], 194 Kan. XII). Thereafter this appeal was duly perfected.

Defendant raises a number of points in his appeal. However, a careful examination of the transcript of proceedings reveals that none of the points relied on by defendant were ever presented to the trial court. Defendant's counsel, with commendable candor, concedes this to be the case. Under such circumstances we are in no position to consider the questions. We have stated many times this court will not for the first time consider issues on appeal which have not been presented to the trial court. (See *State v. Baker,* 197 Kan. 660, 421, P. 2d 16; *Tate v. State,* 196 Kan. 435, 411 P. 2d

661; *Call v. State,* 195 Kan. 688, 408 P. 2d 668, cert. den. 384 U. S. 957, 16 L. Ed. 2d 552, 86 S. Ct. 1581; *State v. Jones,* 187 Kan. 318 356 P. 2d 843; *Prater v. Hand,* 185 Kan. 405, 345 P. 2d 634; West's Kansas Digest, Criminal Law, § 1129[1]; Hatcher's Kansas Digest (Rev. Ed.), Criminal Law, § 420.

The district court carefully interrogated defendant as to the voluntariness of his plea before it was accepted. Neither defendant nor his counsel mentioned any of the points now complained of during the lengthy colloquy between the court and defendant when the plea was entered. We believe the district court was entirely warranted in accepting defendant's plea.

The defendant had ample opportunity to present his complaints to the district court when questioned on entering his plea or by filing a motion to withdraw his plea or a motion for a new trial. Having failed to do so he is foreclosed from appellate review by this court.

We find no reason to disturb the judgment of the lower court; it is therefore affirmed.