No. 46,236

John Edward Baker, *Appellant,* v. State of Kansas, *Appellee.*

(483 P. 2d 1039)

Opinion filed April 10, 1971.

*Donald A. Culp,* of Overland Park, argued the cause and was on the brief for the appellant.

*James A. Wheeler,* Assistant County Attorney, argued the cause, and *Kent Frizzell,* Attorney General, was with him on the brief for the appellee.

The opinion of the court was delivered by

Hatcher, C.: This is an appeal from a finding in a proceeding under K. S. A. 60-1507 determining the voluntariness of a confession.

The petitioner, John Edward Baker, was originally convicted of burglary in the second degree and grand larceny. On appeal to this court, the grand larceny conviction was affirmed and the burglary conviction was held void because of a defect in the information. (*State v. Baker,* 197 Kan. 660, 421 P. 2d 16.)

In 1968, the petitioner filed a proceeding under K. S. A. 60-1507 attacking the judgment and sentence for the crime of grand larceny. Seven grounds were asserted, one being the improper introduction in evidence of a coerced confession. The trial court denied relief and an appeal was taken to this court. (*Baker v. State,* 204 Kan. 607, 464 P. 2d 212.) We stated in the opinion:

". . . Thus, foundation proof testing the admissibility of a confession must be heard outside the presence and hearing of the jury, even though no request for such hearing is made, unless, of course, there has been a knowing and intelligent waiver of that right by the accused—'an intentional relinquishment or abandonment of a known right or privilege.' (See, *Fay v. Noia,* supra, [372 U. S. 391, 9 L. Ed. 2d 837, 83 S. Ct. 822] and *Johnson v. Zerbst,* 304 U. S. 458, 82 L. Ed. 1461, 58 S. Ct. 1019, 146 A. L. R. 357.) The rule of *Milow* [*State v. Milow,* 199 Kan. 576, 433 P. 2d 438] is well stated in syllabus ¶ 3:

" 'It is the duty of a trial court, before admitting a purported confession into

evidence, to conduct a proceeding separate and apart from the jury to determine from the evidence, as a preliminary matter, whether the confession was freely and voluntarily made by the accused. The range of inquiry in such collateral proceeding by the trial court is broad, and the inquiry must be based upon a consideration of the totality of the circumstances.'" (p. 616.)

We also found that there were facts in substantial dispute concerning the voluntariness of petitioner's confession which had not been resolved and remanded the case to the sentencing court with instructions to determine whether the confession was freely and voluntarily made by the accused.

The sentencing court held a hearing and at the conclusion thereof made extensive findings of fact in which it concluded:

"That no promises were made by Detective Fred E. Smith to movant Baker in consideration of movant Baker giving a statement, nor were any threats made to movant Baker.

"Movant Baker, at the time of the interview herein involved, was not naive as far as police interrogation was concerned and that the mere presence of a police officer and being questioned by a police officer would not in and of itself have intimidated movant Baker.

"Detective Fred E. Smith's treatment of movant Baker was courteous, considerate and fair, and movant Baker was not under duress, threat or coercion at any time during the interview.

"That the oral confession of movant Baker was a product of a rational intellect and of movant's free will, and the Court after having examined all of the evidence, viewed the candor and demeanor of the witnesses and considering the totality of the circumstances, finds that said oral confession was freely and voluntarily made by movant Baker."

Judgment was entered accordingly.

The petitioner has again appealed to this court.

We have examined the record made before the sentencing court and find ample competent evidence to support its findings and conclusions. This disposes of the matter. (*State v. Pittman*, 199 Kan. 591, 433 P. 2d 550.) An extensive review of the evidence would serve no useful purpose.

The judgment is affirmed.

APPROVED BY THE COURT.