## JOHN LAMME v. JOHN SCHILLING & CO.

1. JUDGMENT, *When not Reviewable.*   Where a judgment is rendered in a case, and afterward a motion and order are made in the same case, and more than three years are allowed to elapse after the rendition of the judgment, (though less than three years after the motion and order are made,) before the case is brought to the supreme court on petition in error, and no reason is given why it was not brought to the supreme court sooner, *held*, that the judgment is not reviewable, except so far as it may be involved in the motion and order.

2. SHERIFF'S SALE; *Sufficient Notice.*   Where the· affidavit filed as proof of publication of a notice of a sheriff's sale of real estate says that the notice was published four weeks, but also shows that it was in fact published for thirty-two days before the sale was made and before the notice of the sale stated that it would be made, by being inserted five consecutive times in a weekly newspaper, *held*, that the notice of sale was sufficient.

3. APPRAISEMENT; *Description of Land.* Where a sheriff's sale of real estate has been made, and the description of the land as set forth in the appraisement is as follows: "The north 35 acres of the west half of the southeast ¼ and the north 32 acres of the east half of the S. E. quarter, all in section twenty-one, town 3, of range 17, in Brown county, Kansas," *held,* that such description in the appraisement is not so defective as to render the sale void.

4. ———— Evidence regarding an alleged unauthorized appearance made by an attorney, discussed.

5. ———— *Judgment Liens.* Where a judgment creditor allows more than one year to elapse after his judgment has become a lien on real estate, before he takes out and levies an execution, his lien becomes subsequent and inferior to the liens of other judgment creditors.

### *Error from Brown District Court.*

ACTION brought by *John Schilling & Co.* against *Lamme* and four other defendants, on a promissory note, and to foreclose a mortgage. Trial at the October Term, 1876, of the district court, and judgment for the plaintiffs. The defendant *Lamme* brings the case here. The opinion states the facts.

*E. Bierer,* and *C. W. Johnson,* for plaintiff in error.

*Ira J. Lacock,* and *A. R. May,* for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: John Lamme, who is the sole plaintiff in error in this court, and who was one of the defendants in the court below, claims that the court below erred in rendering its judgment, and in making three certain orders in the case. We think, however, that the judgment and the orders must be affirmed.

The action was brought by John Schilling & Co., on a promissory note and to foreclose a mortgage, and to determine the priority of certain liens, as between themselves and certain of the defendants. There were four different claims, held by four different parties, each claiming to hold a lien upon certain real estate belonging to Harrison Shortridge, the principal defendant in the court below; and the princi-

pal and substantial ground of complaint urged by the present plaintiff in error is, that the court below postponed his claim and lien, and made it (the lien) a junior and inferior lien, and the one last to be satisfied out of the common property. The plaintiff in error therefore wants to tear up the entire proceedings in the court below. He claims that there were such irregularities in the rendition of the judgment as to make it void, and that it ought to have been set aside, modified and reformed upon his several motions.

I. We cannot review the rulings of the court below made in rendering the judgment, except so far as such rulings were involved in the subsequent rulings of the court below upon the motions; for the judgment was rendered more than three years before the case was brought to this court; and no reason is given why it was not brought to this court sooner; therefore, at the time it was brought to this court, it was not reviewable. (Civil Code, § 556.) The judgment was rendered October 2, 1876, and the case was not brought to this court until January 21, 1880.

II. The plaintiff in error complains of the order of the court below confirming a sheriff's sale. The order was made in April, 1877, and hence is reviewable in this court. He claims, first, that the sale was void because the notice of sale was published only four weeks; and second, because in the return of the appraisement, initials only are used in some portions of the description of the land.

The affidavit filed as proof of publication says it was published four weeks, but also shows that it was in fact published for thirty-two days before the sale was made, and before the notice of sale stated that it would be made, by being inserted five consecutive times in a weekly newspaper. The notice we think was sufficient. The description in the appraisement was as follows: "The north 35 acres of the west half of the southeast ¼ and the north 32 acres of the east half of the S. E. quarter, all in section twenty-one, town 3, of range 17, in Brown county, Kansas." This use of initials and abbre-

viations did not render either the appraisement or the sale void. We therefore think the sale was properly confirmed.

III. On May 8, 1879, the plaintiff in error moved to modify and reform the judgment because of irregularities in rendering the same, and on May 27, 1879, he moved to set aside the judgment, *first*, because the service of summons was by publication only; that he had no actual notice of the suit, and that he had a just cause of action. (Civil Code, § 77.) *Second*, because he did not have any notice of the suit whatever, and therefore because the judgment founded on such supposed defective summons was absolutely void. (Civil Code, § 575.) *Third*, because there was fraud practiced by the successful party in obtaining the judgment. (Civil Code, § 568, sub. 4; §§ 570, 575.) *Fourth*, because of irregularity in obtaining the judgment. (Civil Code, § 568, sub. 3; §§ 569, 575, 306, sub. 1, 310.)

Now it is not shown that there were any irregularities committed by the court in rendering the judgment, or by the parties in obtaining the same, and although service of summons was obtained on the plaintiff in error (defendant below) by publication, yet he had other and actual notice of the pendency of the suit, and he appeared in the case and filed an answer therein and contested the case upon its merits; and it does not sufficiently appear that any fraud was practiced upon him by the successful party, or by any one else. But even if there was, still he failed to ask within two years, or by petition, as provided by statute, (Civil Code, §§ 575, 570,) to have the judgment vacated or modified because of such fraud.

Upon what evidence the original judgment was rendered we cannot tell, as the evidence was not preserved; but we must presume that it was sufficient to sustain the judgment; we must presume that it showed that Lamme's lien was junior, inferior and subsequent to the other liens.

Lamme claims that he never made any appearance in the case, nor authorized, either directly or indirectly, any one else to appear for him. Upon this there is a conflict of evidence; and taking into consideration the presumption in

favor of the regularity of the proceedings, and of the good faith of the attorneys who actually did appear for him, and the fact that Lamme's evidence was of a negative character, and to prove that a fact did *not* exist, while the evidence on the other side was of a positive character, proving the actual existence of a fact, and supposing that his witnesses may have forgotten what did transpire, (and it is easier to suppose this than to suppose that the other witnesses remembered, or believed that they remembered, what never did take place,) we think the preponderance of the evidence was in favor of the theory that he did authorize an appearance. But suppose that said appearance was in fact void, as claimed by Lamme, and that the judgment, in consequence thereof, was also void so far as it affects Lamme, and still the same result must necessarily have followed that did in fact follow, for Lamme never had an execution issued on his judgment, (and certainly none was ever levied,) and therefore his lien became subsequent and inferior to the other judgment creditors' liens. (Civil Code, §§ 468, 519.)

The judgment of the court below will be affirmed.

All the Justices concurring.