No. 44,124

Harold F. Crowther, Administrator c. t. a. of the Catherine M. Baird Estate, No. 9567, *Appellant,* v. R. A. Baird, a/k/a Richard A. Baird; Norman L. Favors, as Executor of the will of R. A. Baird, a/k/a Richard A. Baird; James P. Mize, Trustee for R. A. Baird, a/k/a Richard A. Baird; James P. Mize, Trustee; Norman L. Favors, Trustee for R. A. Baird, a/k/a Richard A. Baird; Norman L. Favors, Trustee; Norman L. Favors; The Farmers National Bank, now the First National Bank and Trust Company, Salina, Kansas, *Appellees.*

(402 P. 2d 753)

Opinion filed June 12, 1965.

*Harold F. Crowther,* of Salina, was on the brief for the appellant.

*James P. Mize,* of Salina, was on the brief for the appellees except the First National Bank and Trust Company, Salina, Kansas.

*C. L. Clark,* of Salina, was on the brief for the appellee, the First National Bank and Trust Company.

The opinion of the court was delivered by

Harman, C.: Appellant was the plaintiff in an action commenced in the district court, denominated by him as one to impress a trust on funds to become due under a real estate contract of sale, which proceeding he states does in one action what would other-

wise require several actions. He appeals from the trial court's order sustaining defendant's motion for summary judgment.

The pertinent facts may be stated as follows:

In 1950 William S. Baird, the owner of certain land in Saline County, Kansas, duly entered into an ordinary contract of sale for such land with one Vanier, naming The Farmers National Bank, now The First National Bank and Trust Company, Salina, Kansas, as escrow holder thereof. The contract provided for an initial down payment and annual payments thereafter until said contract should be paid. According to its terms the final annual payment would be made in 1966 if all payments were promptly made and they appear to have been so made. The seller, William S. Baird, was a brother of Catherine M. Baird and R. A. Baird. Prior to 1954 William S. Baird died testate in Saline County, Kansas, and through his will, duly probated in that county, Catherine received the one-third interest in the real estate contract which is the subject of this action. Thereafter, and on April 1, 1954, Catherine conveyed by written assignment unto R. A. Baird all of her interest in said contract. On July 18, 1954, Catherine died testate, a resident of Saline County, Kansas. It should be pointed out that the two principal beneficiaries named in Catherine's will were Catherine's brother, R. A. Baird, and her niece, Joan Crowther, now Joan Crowther Burns, these two to share equally after a few minor bequests.

A petition to probate Catherine's will was promptly filed in the probate court of Saline County and although promptly set for hearing, due to numerous continuances, it was not actually heard until June 12, 1958, nearly four years later. These continuances were granted upon the request of Joan Crowther and her sister, whose attorneys were their brother, plaintiff here, and their father, W. B. Crowther, now deceased. The executor named in the will, C. L. Clark, declined to serve, it appearing there was considerable dissension in the Baird family. Nothing whatever was done about apointing a representative for the estate until November 18, 1963— more than five years after the order admitting the will to probate— when plaintiff was appointed administrator c. t. a.

Meanwhile, and on December 18, 1962, R. A. Baird died testate, a resident of the state of California.

On January 13, 1964, plaintiff commenced this action, as administrator c. t. a. of Catherine's estate. His amended petition alleged the execution of the William S. Baird-Vanier contract of sale, its de-

posit with the bank, that three installments thereunder remain due, and that these funds should be impressed with a trust in favor of the Catherine M. Baird estate. He named as defendants R. A. Baird; Norman L. Favors, as executor of the will of R. A. Baird; James P. Mize, trustee for R. A. Baird; James P. Mize, trustee; Norman L. Favors, trustee for R. A. Baird; Norman L. Favors, trustee; Norman L. Favors; and the bank. Norman L. Favors' residence was alleged to be in the state of California. Plaintiff's claims against all of the named defendants are not at all clear. However, he did allege that James P. Mize received a portion of the escrow contract proceeds and that Norman L. Favors was the sole beneficiary of the R. A. Baird estate.

From the above recital it will be seen that plaintiff's action in reality is to make recovery for Joan Crowther Burns.

It should be stated at this point that in neither his petition nor in the amended petition did plaintiff mention in any way the assignment of the sale contract made by Catherine to R. A. Baird on April 1, 1954.

In due time the bank and the other named defendants filed their separate answers. The bank admitted that it was the escrow agent named in the original sale contract, and that subsequent to the date thereof, Catherine acquired one-third of William S. Baird's interest therein pursuant to his will; it further alleged that later a written assignment of Catherine's interest, marked exhibit "B," was delivered to it, and it thereafter received another assignment, marked exhibit "C," whereby R. A. Baird purported to assign forty percent of the one-third interest in the sale contract to James P. Mize; and further, that the bank has disbursed all proceeds from the sale contract pursuant to its terms and the aforesaid assignments.

For their answer the other defendants denied that the court had any jurisdiction over them, save as to James P. Mize; that the amended petition failed to state any claim upon which relief could be granted plaintiff against these defendants; they specifically denied that Catherine owned any interest in the Baird-Vanier contract at any time after April 1, 1954, on which date she assigned all her interest therein to R. A. Baird by the written assignment attached to the bank's answer; defendants further answered that R. A. Baird died testate in Fresno, California, on December 18, 1962, and that thereafter his will was duly probated and the estate administered in the Superior Court of California in

and for the County of Fresno; that no claim was filed there by plaintiff or by anyone on behalf of Catherine's estate and that such claim is barred by the nonclaim law of the state of California, and further, that plaintiff's claim is now barred by our two year statute of limitations (K. S. A. 60-513) and by our one year nonclaim statute. (K. S. A. 59-2239.)

Plaintiff then filed what he termed a "Denial" in which he stated that the purported written assignment, attached as exhibit "B" to the bank's answer, ". . . is void *ab initio* and all parties hereto are on notice of said fact."

Thereafter, defendants (except the bank) filed their request that plaintiff admit the truth of the following:

"(1) On April 1, 1954, plaintiff's decedent, Catherine Baird signed the assignment, copy of which is attached hereto, and delivered same to R. A. Baird, and to The First National Bank and Trust Company of Salina (then The Farmers National Bank).

"(2) The foregoing assignment has never been canceled or set aside.

"(3) R. A. Baird died December 18, 1962.

"(4) No executor or administrator of the estate of R. A. Baird has been appointed in any probate court of Kansas, nor has the alleged claim, being asserted by plaintiff in this action, been filed or exhibited as a demand in any proceeding probating the estate of R. A. Baird, deceased."

Attached to such request was a copy of the assignment pleaded in the bank's answer.

Plaintiff responded to this request for admission of facts as follows:

"Comes now plaintiff herein and to defendants, except The First National Bank and Trust Company of Salina (then The Farmers National Bank) 'Request to Plaintiff to Admit Facts' and denies that Catherine Baird delivered to The First National Bank and Trust Company of Salina (then The Farmers National Bank) the purported assignment marked 'Exhibit B' in the answer of defendant The First National Bank and Trust Company of Salina signed by her or any other purported assignment and plaintiff hereby specifically denies that she ever made such delivery to The First National Bank and Trust Company of Salina (then The Farmers National Bank).

"*Other than this denial of fact, plaintiff admits the facts of said request.*" (Our italics.)

The statement was not sworn to by plaintiff.

At this point it should be noted that although the response (not sworn to as required by K. S. A. 60-236 [a]) denied delivery of the assignment to the bank, it did admit execution and delivery to R. A. Baird and that the instrument had never been cancelled or set aside.

Both plaintiff and defendants filed motions for summary judgment

together with affidavits. The trial court sustained defendants' motion and overruled plaintiff's motion.

Plaintiff has appealed contending the trial court erred (1) in requiring plaintiff "to plead the assignment that was an affirmative defense pleadable by defendant" (2) in sustaining defendants' motion for summary judgment because there was no delivery of the assignment, and (3) in ruling that "this action is barred by the statutes of limitations."

Plaintiff's first contention to the contrary, it is clear the court did not at any time require plaintiff to plead the assignment in question. As heretofore stated, plaintiff did not mention it in either of his petitions. The defendants first pleaded the assignment. Then defendants served plaintiff with a request for admission of facts concerning it and other matters. Certainly the assignment was a "relevant" matter of fact as contemplated by the statute (K. S. A. 60-236 [a]) and defendants were entitled to inquire as to plaintiff's position thereto. Plaintiff made no objection and, in fact, responded to the request.

Plaintiff's second contention, respecting delivery of the assignment, goes to the crux of the lawsuit as it is now presented to this court for appellate review. When defendants pleaded in their answer the assignment of the subject matter of this action by Catherine to R. A. Baird, plaintiff replied in his pleading, called "Denial," that the assignment was void. The only reason given by plaintiff for his contention the assignment was void, as set out in his statement of points in the record on appeal, and also as urged in his brief, is that the assignment was not delivered to the assignee, R. A. Baird. Plaintiff completely overlooks the fact he *expressly admitted* the delivery of the assignment to R. A. Baird in his response to defendants' requested admissions of fact. True, there were affidavits submitted by both sides at different stages in the proceedings, but these affidavits raised no issue of fact respecting the *delivery* of the assignment to R. A. Baird, which fact, along with the others hereinbefore set out, plaintiff expressly admitted.

Before plaintiff can recover herein, he is faced with the necessity of getting rid of the assignment since the assignment extinguished the interest of Catherine in the sale contract and he, as personal representative, can have no greater right to recover than his decedent would have, if living. (21 Am. Jur., Executors and Administrators, § 896, p. 874.) He now supports his bare conclusion in

his "Denial" that the assignment was void by saying in his statement of points and in his brief that it was not delivered to R. A. Baird. This is the only ground urged for voiding the assignment and this court is, therefore, limited in its consideration of the validity of the assignment to this single issue. Other matters are suggested in an affidavit filed by plaintiff as to why Catherine's assignment might have been considered void. However, no issue based thereon is set forth in plaintiff's statement of points, and therefore may not be considered on appeal by this court.

Rule No. 6 (d), 191 Kan. xiv, of this court, promulgated in accordance with long-established rules of appellate review, provides:

"(d) *Statement of Points.* Each appellant shall serve and file with his designation of the record a concise statement of the points on which he intends to rely and which will be briefed in the appeal. The points shall be without duplication, and each point shall state a particular and ultimate issue with reference to which reversible error is claimed to have been committed, but only such detail is required as will (1) enable opposing parties to judge the sufficiency of the designated record on appeal, and (2) inform the Supreme Court of the specific issues to be considered. A mere statement that a ruling was against the appellant without specifying what issue was involved in such ruling will not be an adequate statement of a point (*e. g.,* that a motion for summary judgment, or directed verdict, or modification of a judgment was overruled), unless it is further stated on what legal or factual issue such ruling was erroneous. An issue may be raised in the statement of points regardless of whether a motion for a new trial was filed; *but no issue, other than an issue going to the jurisdiction of the court over the subject matter of the litigation, may be briefed or will be considered on the appeal unless included in the statement of points.*" (Our italics.)

Plaintiff having admitted the delivery of the assignment to R. A. Baird, the assignment is left standing, determining this lawsuit, and making the trial court's disposition the proper one.

Parenthetically, and beyond the foregoing which is dispositive, it is noted that the record reveals plaintiff and his beneficiary, Joan Crowther Burns, knew of the assignment of the contract at least as early as November 15, 1954, yet did nothing about it in any way until defendants presented it as an issue in this case, nearly ten years later.

In view of the disposition made and for the further reason the record on appeal is not clear thereto, it is not necessary to review plaintiff's third contention with respect to statutes of limitations.

The judgment is affirmed.

APPROVED BY THE COURT.