No. 44,151

Leslie Scrinopskie and Robert Scrinopskie, *Appellees,* v. Arthur Murray, Inc., A corporation, *Appellant,* and E. F. Furrey, William Olson and Edith Olson, Defendants.

(403 P. 2d 1001)

Opinion filed July 10, 1965.

*Myron L. Listrom,* of Topeka, argued the cause, and *Eldon Sloan* and *James W. Sloan,* of Topeka, were with him on the brief for the appellant.

*Charles S. Scott,* of Topeka, argued the cause and *Samuel C. Jackson,* of Topeka, was with him on the brief for the appellees.

The opinion of the court was delivered by

Price, J.: This was an action to recover for the breach of a written lease covering property used as a dancing school and studio.

No service of process was had on defendants Furrey and Olson, and they are not parties to the judgment and this appeal.

The case was tried by the court without a jury in December, 1963. Judgment was rendered against Arthur Murray, Inc., a corporation, (hereafter referred to as defendant) in January, 1964, in the amount of $1,900.00, as prayed for.

Defendant has appealed. Appellate procedure is governed by the new code of civil procedure and the rules of this court relating to appellate practice found at 191 Kan. xii.

In the pleadings and during the trial, defendant denied the agency of Furrey and the Olsons to bind it by the lease. Implicit in the judgment rendered, is a finding otherwise.

In the "Record on Appeal" defendant lists 6 statements of points. Points 1, 2 and 3 relate to alleged errors concerning the evidence of and the finding of agency.

Point 4 is—

"The Court erred in overruling the demurrer to the evidence of the Defendant Arthur Murray, Inc."

Point 5 is—

"The Court erred in awarding judgment in favor of plaintiff against Defendant Arthur Murray, Inc."

Point 6 is that the court erred in overruling defendant's motion for a new trial.

In its brief defendant (appellant) states that—

". . . appellant is not now asserting in this appeal that the question of agency is an issue. For this reason the Court may assume that defendants E. F. Furrey and Edith Olson were agents of the appellant by virtue of the agreements between them and appellant."

and that—

"Although the Statement of Points contains six distinct points relied upon in seeking a reversal of the judgment of the trial court, appellant relies chiefly on two; namely that the trial court erred in overruling defendant appellant's demurrer to plaintiff appellee's evidence and in ultimately awarding judgment in favor of plaintiff appellees against the defendant appellant. The other points indicated are either waived by appellant or treated in the above two basic points."

Because of the foregoing we therefore have only points 4 and 5, above, before us, and plaintiffs contend that both points, as stated by defendant, are inadequate and do not comply with Rule No. 6 (*d*) of this court, the pertinent portion of which reads:

"Each appellant shall serve and file with his designation of the record a concise statement of the points on which he intends to rely and which will be briefed in the appeal. The points shall be without duplication, and each point shall state a particular and ultimate issue with reference to which reversible error is claimed to have been committed, but only such detail is required as will (1) enable opposing parties to judge the sufficiency of the designated record on appeal, and (2) inform the Supreme Court of the specific issues to be considered. *A mere statement that a ruling was against the appellant without specifying what issue was involved in such ruling will not be an adequate statement of a point (e. g., that a motion for summary judgment, or directed verdict, or modification of a judgment was overruled), unless it is further stated on what legal or factual issue such ruling was erroneous.*" (Emphasis supplied.)

We believe that plaintiffs' contention is well taken.

Rule No. 6 provides the procedure relating to the contents and preparation of the record on appeal contemplated by K. S. A. 60-2104, which provides:

"The record on appeal shall contain such matters and shall be prepared in such manner and form, as shall be prescribed by rules of the supreme court."

In the 1965 Cumulative Supplement to "Kansas Code of Civil Procedure" by Judge Spencer A. Gard, the author, in discussing Rule No. 6 states:

"The procedure prescribed by this rule is similar to that under Rules 75 and 76 of the Federal Rules of Civil Procedure. Variations from the federal procedure may be noted as follows:

.    .    .    .    .    .    .    .    .    .    .    .    .    .

"The federal rule merely requires a 'concise statement of the points' on which appellant relies. The Kansas rule not only requires this in subsection (d) but specifies in some detail the manner and form in which it shall be done, not only by the appellant but by the appellee or 'any other party to the appeal.' " (p. 56)

In *Woodbury v. Clermont*, 236 F. 2d 132, it was said:

"Assignments 2 and 4 are that the District Court erred in entering judgment for appellees. These assignments present nothing for review." (p. 134)

Points 4 and 5, above, which state merely that the court erred in overruling defendant's demurrer to plaintiffs' evidence and in rendering judgment in favor of plaintiffs and against defendant, are insufficient to comply with the quoted portion of Rule No. 6 (d), above, and present nothing for review.

Point 6—that the court erred in overruling defendant's motion for a new trial, is neither briefed nor argued and must be considered as abandoned.

We are not unmindful of the fact that at the present time attorneys, trial courts, and this court—are going through a sort of "transitional period" with respect to the provisions of the new code of civil procedure and the new rules of practice promulgated in connection therewith. We believe, however, that in the long run and in the interest of orderly and consistent procedure, literal compliance— within of course reasonable limitations—should be required. Notwithstanding what has been said—we have reviewed the record in this case and find nothing to warrant a reversal.

The judgment is affirmed.