No. 44,508

State of Kansas, ex rel. John S. Elting, County Attorney of Lane County, Kansas, *Appellant*, v. Walt Doerschlag, Jr., *Appellee*.

(416 P. 2d 257)

`Opinion filed July 14, 1966.

*John S. Elting*, county attorney, argued the cause, and *Robert C. Londerholm*, attorney general, and *Lorin T. Peters*, of Ness City, were with him on the briefs for the appellant.

*Harold E. Jones*, of Dighton, argued the cause, and *A. M. Fleming, Lloyd H. Haag, Dale E. Saffels*, and *Clifford R. Hope, Jr.*, all of Garden City, were with him on the brief for the appellee.

The opinion of the court was delivered by

O'Connor, J.: This is a *quo warranto* action brought in the name of the county attorney to oust and remove from office Walt Doerschlag, Jr., county commissioner of Lane County. Although the petition was framed on four counts of alleged misconduct, this appeal concerns only counts I and II, which involved alleged violations of the cash-basis law (K. S. A. 10-1101 *et seq.*) and the budget law (K. S. A. 79-2925 *et seq.*) in the year 1963. The case was tried to the district court without a jury. At the conclusion of plaintiff's evidence defendant moved for a "directed verdict" on counts I and II, and the motion was sustained. This ruling constitutes plaintiff's principal complaint on appeal.

We have carefully examined the record prepared in this case, as well as the briefs, and are compelled to point out glaring infractions of our rules governing appellate practice. These rules have been promulgated, not for the purpose of causing undue burden to a party seeking appellate review, but in an effort to insure a concise, adequate record with expressive, helpful briefs covering the points relied on. It is only after compliance with these rules

that we as an appellate court can intelligently determine the points to be decided. We should not be required to search out and piece together from an inadequate record the proceedings that have transpired in the court below; nor should we be expected to determine, with any degree of understanding, issues in briefs not related directly to the points raised. A party who desires to exercise his right of appeal has a duty to comply with these rules in order that we may devote full attention to the merits of issues presented, thereby fulfilling more effectively our true appellate function. Admittedly, we have, on occasion, during the transition period immediately following adoption of our rules, been extremely tolerant of certain breaches thereof, but such flagrant violations as are evident in this case cannot be countenanced without comment, such being intended only as constructive criticism to point out the necessity of compliance with the rules.

Under the rules the appellant must assume the initiative in the preparation of the record. The record here reveals that appellant designated certain portions thereof and filed a "Statement of Points," enumerating seven points on which it intended to rely. Although the oral testimony of certain witnesses was designated to be included in the record, no attempt was made to narrate their testimony, as required by Rule No. 6(c). Appellee filed his designation of additional matter to be included in the record. Appellant then proceeded to prepare only a part of the record it had originally designated, and included nothing which had been designated by the appellee. Appellee, apparently out of an abundance of caution, filed a separate supplemental record which contained not only the material included in the record prepared by the appellant but that additionally designated by the appellee. We note that appellee, like appellant, made no effort to narrate the oral testimony of witnesses designated by appellee. In fact, all testimony in the record is set forth in question-and-answer form. Whether or not verbal accuracy was necessary is highly questionable.

This court has already had occasion to discuss matters concerning the preparation of the record on appeal. The reader is referred to what was said in *McElhaney v. Rouse,* 197 Kan. 136, 415 P. 2d 241, and *Johnston, Administratrix v. Ecord,* 196 Kan. 521, 412 P. 2d 990.

As a result of this confusing state of affairs we have before us two records on appeal—one prepared by the appellant and one by

the appellee. Rule No. 6 contemplates but one record, the contents thereof to be as outlined in subparagraph (g). Since the responsibility for reproducing the record is placed on an appellant, careful adherence by him to the provisions of the rule will result in a concise but adequate record being produced from which a fair and objective understanding of the points raised is assured.

As heretofore mentioned, appellant included seven points of error in its "Statement of Points" but in its brief listed only three "specifications of error," none of which precisely corresponded in subject matter or form with its "Statement of Points." Rule No. 6(d) in part provides:

". . . each point shall state a particular and ultimate issue with reference to which reversible error is claimed to have been committed, . . . no issue, other than an issue going to the jurisdiction of the court over the subject matter of the litigation, may be briefed or will be considered on the appeal unless included in the statement of points. . . ."

See, *Crowther, Administrator v. Baird,* 195 Kan. 134, 402 P. 2d 753.

Included in appellant's brief is a statement of facts, but it is so deficient that we are unable to discern, without an independent search of the confusing record, the facts, if indeed there be any, that are pertinent to the points relied on. The requirements of Rule No. 8(b), which relates to the content and form of briefs, have gone unheeded.

The appellant has failed to brief several of its points; consequently, they are deemed to be abandoned. (*Tate v. State,* 196 Kan. 435, 411 P. 2d 661; *Vaughan v. Hornaman,* 195 Kan. 291, 403 P. 2d 948.) Other of appellant's points are set forth as mere statements that rulings were against it, without specifying what issue was involved in such ruling. This is contrary to a further provision of Rule No. 6(d) which states:

". . . A mere statement that a ruling was against the appellant without specifying what issue was involved in such ruling will not be an adequate statement of a point . . . unless it is further stated on what legal or factual issue such ruling was erroneous. . . ."

Also, see *Scrinopskie v. Arthur Murray, Inc.,* 195 Kan. 278, 403 P. 2d 1001.

Notwithstanding what has been said, we have, with meticulous care, examined the record in its entirety and have attempted to correlate it with the appellant's "specifications of error," and conclude that appellant failed to make it affirmatively appear that the district court erred in any respect. We further are of the opinion that

the defendant's motion for a directed verdict as to counts I and II, which, incidentally, we view as a motion to dismiss, under K. S. A. 60-241(*b*), was properly sustained under the rule for testing the sufficiency of evidence stated in *Pennsylvania National Mutual Cas. Co. v. Dennis,* 195 Kan. 594, 408 P. 2d 575.

The judgment is affirmed.