No. 45,427

CARL K. SHINKLE, *Appellee,* v. STATE HIGHWAY COMMISSION OF KAN-
SAS and CARRIERS INSURANCE COMPANY, *Appellants.*

(448 P. 2d 12)

Opinion filed December 7, 1968.

*John A. Bausch,* of Topeka, argued the cause, and *L. M. Ascough* and
*J. H. Eschmann,* both of Topeka, were with him on the brief for the appellants.

*Reginald LaBunker,* of Topeka, argued the cause, and *George McCullough,*
*W. L. Dean Parker, Jr., Robert B. Wareheim* and *James L. Rose,* all of Topeka,
were with him on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, J.: This is an appeal by the respondent and its insur-
ance carrier from a lump sum judgment entered in favor of the
claimant in a workmen's compensation proceeding pursuant to
K. S. A. 44-512a, for the failure of the respondent and its insurance
carrier to pay compensation and medical expenses awarded to the
claimant, the injured workman.

The basic question presented is whether K. S. A. 44-512a requires

the service of written demand for payment of compensation upon the insurance carrier.

On the 24th day of June, 1965, Carl K. Shinkle, claimant, sustained an accidental injury while employed by the State Highway Commission of Kansas. Thereafter, he filed a workmen's compensation claim against his employer and its insurance carrier, Carriers Insurance Company. On the 7th day of July, 1966, the examiner found the claimant was totally disabled and awarded compensation at the rate of $42 per week for 415 weeks in the total sum of $17,430. The examiner ordered payment of the 53 weeks of accumulated compensation due in the amount of $2,226 in a lump sum, and directed payment of the remaining 362 weeks at $42 per week in addition to ordering an award of medical expenses to the claimant.

On July 8, 1966, the workmen's compensation award was filed with the director of workmen's compensation. No written request for review of the award was filed with the director by the respondent or its insurance carrier within ten days as provided in K. S. A. 44-551.

Thereafter, on the 18th day of July, 1966, pursuant to 44-551, *supra*, the director entered his formal order approving the award.

On the 20th day of July, 1966, the claimant served a written demand under K. S. A. 44-512a by registered mail on the State Highway Commission of Kansas (claimant's employer) and on Walter A. Sawhill, *as attorney of record for the State Highway Commission of Kansas and as attorney of record for Carriers Insurance Company*, its workmen's compensation carrier.

No written demand was served directly on Carriers Insurance Company. The service was only on its attorney of record in the compensation proceeding.

No payment of compensation was made within the twenty-day period following the demand, and the claimant then filed his petition in the district court of Shawnee County asking for a lump sum judgment pursuant to 44-512a, *supra*.

On the 8th day of March, 1968, the trial court sustained the claimant's motion for summary judgment and entered judgment against both the respondent and its insurance carrier for a lump sum in the amount of $15,915.67.

The apparent confusion was occasioned by an oral request for review made by the respondent and its insurance carrier a few days after the director approved the examiner's award on the 18th day

of July, 1966. The director entertained such oral request, and on the 21st day of October, 1966, entered a subsequent order setting aside the order of July 18, 1966, and, after reviewing the matter, approved the examiner's award.

An appeal taken from the director's order of October 21, 1966, was determined by this court in *Shinkle v. Kansas State Highway Commission*, 200 Kan. 191, 434 P. 2d 836. It was there held under the provisions of K. S. A. 44-551 that a timely written request was essential to invoke the jurisdiction of the director of workmen's compensation to review an award of compensation entered by the examiner; that once the director had entered an order approving the award of compensation he lacked the jurisdiction and authority to reopen the matter, except under K. S. A. 44-528 relating to review and modification of an award on the grounds of changed conditions; and that the district court did not err in dismissing the appeal.

The claimant filed his action under 44-512a, *supra,* to recover a lump sum judgment on the foregoing award by reason of nonpayment by the respondent and its insurance carrier of weekly compensation and medical expenses awarded the claimant and not paid as demanded on the 27th day of September, 1966. It was after the above decision of the Supreme Court that claimant filed his motion for summary judgment in this action on December 22, 1967.

Appeal has been duly perfected to this court from the order of the district court sustaining claimant's motion for summary judgment.

The appellants state the points relied upon as follows:

"A. The trial court erred in sustaining the plaintiff's Motion for Summary Judgment for the following reasons:

"(1) K. S. A. 44-512a requires that service of written demand for payment of compensation shall be made upon the person, firm or corporation liable to pay the same and upon their attorney of record. This is a prerequisite before suit can be filed under this statute.

"(2) In this case the party paying the compensation and responsible for paying compensation in the future was the defendant Carriers Insurance Co.

"(3) That no written demand for payment of compensation was ever served upon the Carriers Insurance Company prior to the suit being filed.

"(4) That the respondent Carriers Insurance Company had no notice, either actual or constructive, that any written demand had been served upon its insured State Highway Commission or the attorneys of record, Sawhill & Southard.

"B. The action of the Workmen's Compensation Director in the granting of a Review and Modification after he had inadvertently entered an order

affirming compensation led the Carriers Insurance Company to believe that the matter was still pending before the Director and there would be no obligation to pay compensation till the Director finally approved the Examiner's award, which was finally approved on October 21, 1966. Thereafter, the insurance company did pay compensation and it would be a manifest injustice to affirm the lump sum judgment of the District Court under these facts and circumstances."

K. S. A. 44-512a, insofar as material herein, provides:

"That if any compensation awarded, agreed upon or adjudged under the provisions of the workmen's compensation act of this state or any installment thereof shall not be paid to the employee or other person entitled thereto when due, *and service of written demand for payment has been made personally or by registered mail on the person, firm or corporation liable to pay the same and on the attorney of record of such person, firm or corporation,* payment of said demand is thereafter either refused or not made within twenty (20) days from the date of service of said demand, then the entire amount of compensation awarded, agreed upon or adjudged shall become immediately due and payable and said employee or other person entitled to said compensation may maintain an action in any court of competent jurisdiction for the collection thereof in like manner as for the collection of a debt." (Emphasis added.)

It is to be noted that service of a written demand for payment under 44-512a, *supra,* is to be made personally or by registered mail on the "person, firm or corporation liable to pay the same and on the attorney of record of such person, firm or corporation.

Did the written demand served in the instant case comply with the requirements of 44-512a?

The appellants contend the attorney of record for the insurance company either through neglect or mistake failed to advise Carriers Insurance Company that demand for compensation had been made and that there is no evidence whatever that Carriers Insurance Company had any notice whatsoever of the demand herein until this action was filed. The appellants take the position that when an insurance company is in the position of having to pay a substantial amount under 44-512a, *supra,* then it should have actual notice of the demand before it is to be penalized to pay the award in a lump sum judgment as against paying the award by the week which the law provides. They contend service upon the attorney or the insured is not sufficient.

The appellants argue the record in this case clearly discloses that the insurance company has made all payments of compensation; and that in this case, as in all workmen's compensation cases, the insurance carrier is the person, firm or corporation liable for the payment of compensation.

This court has been consistent that the workmen's compensation act provides a procedure of its own which is substantial, complete and exclusive in compensation cases, borrowing neither from the civil code nor other statutes. (*Bushman Construction Co. v. Schumacher,* 187 Kan. 359, 356 P. 2d 869; *Hobelman v. Krebs Construction Co.,* 188 Kan. 825, 366 P. 2d 270; *Teague v. George,* 188 Kan. 809, 365 P. 2d 1087; and *Garrigues v. Fluor Corporation Ltd.,* 201 Kan. 156, 439 P. 2d 111.)

The workmen's compensation act provides who is liable to pay compensation to the injured workman.

K. S. A. 44-501, insofar as pertinent herein, provides:

"If in any employment to which this act applies, personal injury by accident arising out of and in the course of employment is caused to a workman, *his employer shall,* . . . *be liable to pay compensation to the workman* in accordance with the provisions of this act. Save as herein provided no such · employer shall be liable for any injury for which compensation is recoverable under this act: . . ." (Emphasis added.)

From this section it will be noted the State Highway Commission of Kansas, the claimant's employer, was the legal entity under 44-512a, *supra,* liable to the injured workman to pay the compensation awarded. The claimant herein caused the State Highway Commission of Kansas and Walter A. Sawhill, its attorney of record, to be served by registered mail with the written demand under 44-512a, *supra.* In addition, the claimant served a written demand by registered mail upon Carriers Insurance Company by serving Walter A Sawhill, its attorney of record.

In the instant case the examiner found that the Kansas State Highway Commission and Carriers Insurance Company appeared by their attorney, Walter A. Sawhill, of Wichita, Kansas.

When an attorney in good standing enters an appearance for a party in an action, the presumption is that he has authority to do so. (*Kackley State Bank v. Nichols,* 162 Kan. 648, 179 P. 2d 186; and *Meyer v. Schmidt,* 184 Kan. 21, 334 P. 2d 345.)

The fact that all payments on the award which had been paid were made by the Carriers Insurance Company is immaterial to the determination of this case. Neither is it material that the written demand under 44-512a, *supra,* was not served by the claimant on the insurance company personally. When the claimant served his employer and its attorney of record with the written demand by registered mail, the requirements of 44-512a, *supra,* for service of the demand were met.

The foregoing construction of the language in 44-512a, *supra*, is fortified by the provisions in K. S. A. 44-559 which provide:

"Every policy of insurance against liability under this act shall be in accordance with the provisions of this act and shall be in a form approved by the commissioner of insurance. Such policy shall contain an agreement that the insurer accepts all of the provisions of this act, that the same may be enforced by any person entitled to any rights under this act as well as by the employer, that the insurer shall be a party to all agreements or proceedings under this act, and his appearance may be entered therein and jurisdiction over his person may be obtained as in this act provided, *and such covenants shall be enforceable notwithstanding any default of the employer.* (Emphasis added.)

The foregoing construction is further fortified by the provisions of K. S. A. 40-2212 which provide in part:

"Every policy issued by any insurance corporation, association or organization to assure the payment of compensation, under the workmen's compensation act, shall contain a clause providing that between any employer and the insurer, notice to and knowledge of the occurrence of injury or death on the part of the insured shall be notice and knowledge on the part of the insurer; *and jurisdiction of the insured shall be jurisdiction of the insurer and the insurer shall be bound by every agreement, adjudgment, award, or judgment rendered against the insured.* . . ." (Emphasis added.)

The foregoing statutory sections, among others, were considered by this court in *Landes v. Smith,* 189 Kan. 229, 368 P. 2d 302, where the insurance carrier challenged an award in a workmen's compensation case on the ground that it did not receive notice of the hearing held before the examiner. ( See, also, *Evans v. Western Terra Cotta Co.,* 145 Kan. 924, 67 P. 2d 426; and *Babcock v. Dose,* 179 Kan. 298, 293 P. 2d 1007.)

In the *Babcock* case the court held that the petition in a 44-512a action did state a cause of action against the employer as the "person, firm or corporation liable to pay the same" where the insurance company was not joined as a defendant in the 44-512a action. It should be noted 44-512a, *supra,* was amended in 1961 by adding the requirement that service also be made on the attorney for the person, firm or corporation liable to pay the compensation awarded.

*As to point "B" heretofore stated in the appellants' statement of points,* the appellants timidly argue they believe the director's action was proper when he consented to hear their oral request for review of the examiner's award, by reason of which they apparently felt it was not necessary to notify the insurance company of the demand for compensation, since the director had advised that he was going to review the case. They argue it would have been

proper for the lawyers to assume that since the director was going to review the case, he in effect had not approved the award, and therefore the demand for compensation served on July 20, 1966, was premature, since no final order had been made as required by the decision in *Harper v. Coffey Grain Co.*, 192 Kan. 462, 388 P. 2d 607. The appellants contend that while the director was in error in his action, the attorneys and their clients have a right to assume that such action was proper, and they should not suffer the consequences if the director or the courts make an error.

The decision of this court on the first appearance of this case indicates that both the director of workmen's compensation and counsel for the appellants were in error by reason of their failure to follow the provisions of the workmen's compensation act. In substance, what they assert in their brief is that equitable matters are entitled to consideration. But there are no provisions in the workmen's compensation act authorizing equitable considerations of this nature. (See, *Landes v. Smith*, supra.) In oral argument of the case to this court the appellants appear to have abandoned this point.

More than two months after the briefs of the respective parties were on file in this case, the appellants filed a motion in this court to amend the statement of facts and to present additional argument. This was denied by the court with leave to renew their motion on oral argument of the case before the Supreme Court. By their motion the appellants request to amend their statement of points to add that the written demand for the payment of compensation made herein was premature in that it was served before any compensation was due—that it was served three days after approval of the award by the director and prior to the expiration of the appeal time authorized by K. S. A. 44-556. (See, *Hunter v. General Motors Corporation*, No. 45,360, 202 Kan. 166, 446 P. 2d 838.) The appellants assert the record presented was agreed upon by the parties and it clearly discloses the demand for compensation on July 20, 1966, was made before compensation was due.

The trial court in the instant action in the numerous hearings it conducted repeatedly pressed the appellants to delineate the issues asserted. Consistently the appellants asserted the only point they were pressing upon the trial court was their contention that the 44-512a demand for compensation was not properly served.

On this point the trial court correctly determined the issue by granting the claimant's motion for summary judgment.

It has been consistently held that this court will not for the first time consider an issue on appeal that has not been presented to the trial court. (*State v. Arlis Blair,* 197 Kan. 691, 421 P. 2d 22, and authorities cited therein.)

It has also been held that no issue, other than an issue going to the jurisdiction of the court over the subject matter of the litigation, will be considered on appeal unless included in the statement of points in the record on appeal, in accordance with Rule No. 6 (*d*) of this court relating to appellate practice. (197 Kan. LXI.) (*Crowther, Administrator v. Baird,* 195 Kan. 134, 402 P. 2d 753, Syl. ¶ 2.)

The appellants claim their motion comes within an exception to the general rule, citing *Pierce v. Board of County Commissioners,* 200 Kan. 74, 434 P. 2d 858, Syl. ¶ 3. In the *Pierce* case a matter of due process was considered in this court as a ground for reversal of the judgment which had not been presented as an issue to the trial court.

We must conclude on the facts in the instant case that the point the appellants attempt to raise for the first time on appeal falls within the general rule and not within the exception considered in the *Pierce* case. It follows the motion to amend the statement of points must be denied.

The judgment of the lower court is affirmed.