No. 46,980

In the Matter of the Estate of Valentine Leers, deceased. John K. Dear, Special Administrator, *Appellant*, *v.* Helen Vedros, *Appellee*.

(516 P. 2d 965)

Opinion filed December 8, 1973.

*Charles S. Schnider*, of Schnider, Shamberg & May, of Overland Park, argued the cause and was on the brief for the appellant.

*Robert E. Fabian*, of McAnany, Van Cleave & Phillips, of Kansas City, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

Fromme, J.: This is an appeal from a judgment entered in consolidated cases by the district court of Wyandotte County, Kansas. The two cases consolidated are a will contest and an injunction proceeding to prevent transfer of joint property of the decedent, Valentine Leers. Both cases concerned the property and estate of Valentine Leers who died on May 18, 1969. The issues raised by the parties were fully tried in the court below and the trial court made nineteen written findings of fact in support of the following conclusions of law:

"1. At the time of executing her will on April 7, 1969, Valentine Leers knew what property she owned and where she wanted it to go, and had the mental capacity to make a will.

"2. At the time of executing her will on April 7, 1969, she knew and understood what she was doing, and she executed it freely and not as the result of any undue influence or coercion as to the provisions of her will.

"3. The will executed by Valentine Leers on April 7, 1969, has been duly and properly executed and witnesses as provided by law and it is hereby admitted to probate."

Since the jointly held property passed to the sole devisee and legatee under the will of April 7, 1969, the trial court dismissed the injunction action as moot. This appeal followed on the consolidated cases.

At the outset we are confronted with a motion to dismiss the appeal for the reason that appellant's statement of points fails to comply with the rules of this court and presents nothing for review. Appellant's Statement of Points are as follows:

"1. The trial court erred in Case No. 37686B in holding that the Will of April 7, 1969, instead of the Will of October 16, 1952, should be admitted to probate as the Last Will and Testament of Valentine Leers, Deceased.

"2. The trial court erred in holding that because of its ruling in Case No. 37686B that the issues in Case No. 37817B were moot and that said action should be dismissed."

None of the findings of fact and conclusions of law made by the trial court are challenged and no erroneous rules of law applied by the court are challenged in statement of points on appeal.

Rule No. 6 (d) of this court provides:

"*Statement of Points.* Each appellant shall serve and file with his designation of the record a concise statement of the points on which he intends to rely and which will be briefed in the appeal. The points shall be without duplication, and *each point shall state a particular and ultimate issue with reference to which reversible error is claimed to have been committed,* but only such detail is required as will (1) enable opposing parties to judge the sufficiency of the designated record on appeal, and (2) inform the Supreme Court of the specific issues to be considered. A mere statement that a ruling was against the appellant without specifying what issue was involved in such ruling will not be an adequate statement of a point (*e. g.,* that motion for summary judgment, or directed verdict, or modification of a judgment was overruled), unless it is further stated on what legal or factual issue such ruling was erroneous. An issue may be raised in the statement of points regardless of whether a motion for a new trial was filed, *but no issue, other than an issue going to the jurisdiction of the court over the subject matter of the litigation, may be briefed or will be considered on the appeal unless included in the statement of points. . . .*

"(Illustrative of a statement of points for an appeal in an action based on negligence with a petition comparable to Form 13, Appendix Forms, is the following:

" '1. It was improper to permit any evidence of alleged physical handicap of the defendant driver of the vehicle in the absence of indication at the pretrial conference that such issue was to be raised at the trial.

" '2. It was error to receive plaintiff's evidence of speculative earnings which did not come from his regular occupation.

" '3. The trial court erred in holding that recovery by the plaintiff was not

barred by his own negligence in crossing the highway where there was no crosswalk.

" '4. The court's instructions to the jury improperly and prejudicially stated the law with reference to the duty of a driver towards a pedestrian.

" '5. There was no substantial evidence to support an award for future hospitalization.')" (Rules of the Supreme Court, 209 Kan. xxiii. Emphasis supplied.)

The court has consistently adhered to this rule. No issue, other than an issue going to the jurisdiction of the court over the subject matter of the litigation, will be considered on appeal unless included in the statement of points in the record on appeal, in accordance with Rule 6 (*d*) (209 Kan. xxiii) of this court relating to appellate practice. The following are but a few of the cases which attest to our adherence to rule 6 (*d*): *Ritter v. Fluor Corporation*, 183 Kan. 830, 332 P. 2d 589; *Crowther, Administrator v. Baird*, 195 Kan. 134, Syl. ¶ 2, 402 P. 2d 753; *Scrinopskie v. Arthur Murray, Inc.*, 195 Kan. 278, Syl. ¶ 1, 403 P. 2d 1001; *Board of County Commissioners v. Brookover*, 198 Kan. 70, Syl. ¶ 6, 422 P. 2d 906; *Schreppel v. Campbell Sixty-six Express, Inc.*, 201 Kan. 448, Syl. ¶ 4, 441 P. 2d 881; *Shinkle v. State Highway Commission*, 202 Kan. 311, Syl. ¶ 3, 448 P. 2d 12; and *Sexsmith v. Union Pacific Railroad Co.*, 209 Kan. 99, Syl. ¶ 1, 495 P. 2d 930.

Even the most cursory examination of point number one will disclose that it is a mere statement that the judgment admitting the 1969 will to probate was in error without specifying what erroneous action or rule of law brought about such a ruling. No issue going to jurisdiction of the court over the subject matter of the litigation is presented in appellant's brief and therefore nothing is properly presented for review. If point number one is insufficient to obtain appellate review and the order admitting the will must stand then it follows that point two must also fail for the property would pass in either case to Helen Vedros.

In making this determination we have had occasion to examine the record on appeal and can say this was essentially a fact case, and the evidence supported the findings and conclusions of the trial court.

Appellant having failed to properly present this appeal in accordance with the rules of this court, the appeal is dismissed.